IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1844, IN THE TWENTY-
NINTH YEAR OF THE STATE.

---

HOWLAND, Administrator, &c., *v.* RENCH and Another.

A person who owes money on different contracts, has a right to apply his
payments to which of the debts he chooses ; but if he fail to elect, the
creditor may make the application.

The application of payments may be proved by circumstances as well as by
words.

*Monday,*
*November 25.*

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—This was a bill in chancery filed by *How-
land*, administrator of *Catharine Rench*, against *Daniel Rench*
and another to recover the sum of 450 dollars, which the
defendant, *Daniel Rench*, had been directed by an order of
the Probate Court of *Fayette* county to pay to *Catharine
Rench* for the maintenance of one *Morgan Rench*, an insane
person, of whom the defendant, *Daniel*, was the guardian.
*Daniel Rench*, in his answer, admits the services of *Catha-
rine Rench*, and that she was allowed by the Probate Court
the sum of 450 dollars as stated in the bill, but insists that he
paid it to *Catharine Rench* in her lifetime. It appears from
the evidence that the intestate, at the time of her death, held

a promissory note on the defendant, *Daniel*, for the sum of 1,000 dollars ; that after her death her administrator assigned it to *C. B. Clements*, by whom it was again assigned to the administrator of *Catharine Rench;* and that the administrator sued upon the note, and obtained a judgment against *Daniel Rench* for the whole amount. It also appears that *Daniel Rench* had paid to *Catharine Rench*, and to others for her use and at her request, sums of money at different times amounting to 450 dollars and upwards ; but that at the times of making the payments, he did. not direct to which of the debts they should be applied. The question in the Circuit Court was, as it is the question here, whether the complainant had, at the time of the trial, the right to apply the payments to the judgment on the note of 1,000 dollars, or whether they should be applied to the debt now sued for. The Circuit Court was of opinion that the payments should be applied to the last-named debt, and dismissed the bill.

When a debtor owes money on two several accounts, he may elect to which account payments made by him shall be applied. If he fail to elect, the creditor may make the application.

In this case, the debtor made no application of the payments made by him ; but there are circumstances in the case which lead to the conclusion that the creditor, *C. Rench*, in her lifetime did make the application to the debt now sued for, and that the administrator since her death so regarded it. No credit was indorsed by her on the note of 1,000 dollars ; and, when it came into the hands of the administrator, he assigned it, without any credit indorsed, to *Clements*, who afterwards reassigned it to the administrator, who obtained a judgment at law upon it for the whole amount. The application of a payment, either by a debtor or creditor, may be proved by circumstances as well as by words. *Tayloe* v. *Sandiford*, 7 Wheat. 13. It seems to us, that the omission. by *Catharine Rench* in her lifetime to indorse the payments on the note, or to otherwise acknowledge them as payments on the note, and the assignment of it afterwards by her administrator as a valid debt of 1,000 dollars, and subsequently taking judgment for the whole debt, are circumstances to show that the payments were not applied to that debt. The

*Nov. Term, 1844.*

Howland
v.
Rench.

creditor, then, having made his election, cannot retrace his steps. He is bound by it, and the debt to which the payments were applied was, by that act, discharged.

*Per Curiam.*—The decree is affirmed with costs.

*G. Holland,* for the plaintiff.

*S. W. Parker* and *J. S. Newman,* for the defendants.