Nov. Term,
1856.

CARLISLE
v.
MORRIS.

---

CARLISLE and Another *v.* MORRIS.

| 8 | 421 |
| 150 | 690 |

Upon an account stated, *A.* owed *B.* 284 dollars. *A.* had incurred a part of the debt for *C.;* and it was agreed that *A.* should pay 200 dollars of the amount, in railroad stock, and that the residue should be paid by the note of *C.* In a suit by *B.* for failure to pay the stock, it appeared that the demand was barred by limitation, unless it was taken out of the statute by the delivery of the note of *C.* within six years. *Held,* that the demand was barred.

In order to take a demand out of the statute of limitations by a part payment, it must appear that the payment was made on account of the debt for which the action was brought.

An admission of continued indebtedness may be inferred from the fact of part payment; but the Court cannot imply such admission as an inference of law.

Whether such admission has been made, is a question of fact for the jury; and when made, it is only *prima facie* evidence, and may be rebutted.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—Assumpsit by *John* and *Daniel Carlisle,*

Thursday,
January 8,
1857.

against *Morris Morris*. The declaration contains six counts. The first five are the common counts for goods sold and delivered, &c. The ;sixth is special and avers that the plaintiffs on, &c., at, &c., made a settlement with defendant of the accounts then existing between them; that in said settlement the defendant was found to be indebted to the plaintiffs 200 dollars, and in con-sideration thereof, he then and there undertook to de-liver and pay to them capital stock of the *Madison and Indianapolis Railroad Company*, of the value of 200 dol-lars. Plea, the statute of limitations, to which the plaintiffs replied that the cause of action mentioned in the complaint did accrue within six years next before the commencement of this suit.

The cause was submitted for trial to the Court, who, at the instance of the plaintiffs, found the facts specially. They are these: In the year 1846, the plaintiffs agreed to furnish the defendant a quantity of lumber, part of which was for the *Methodist Church*, and was to be paid for by the note of its trustees. The residue was intended for a house the defendant was then about to construct, and was to be paid for in stock, at par, of the *Madison and Indianapolis Railroad Company*. Under this contract, the plaintiffs, within said year, furnished a quantity of lumber; and up until its deliv-ery there were mutual dealings between the parties. In *February*, 1847, a settlement took place between them, when a balance of 284 dollars and 40 cents was found due to the plaintiffs, of which, it was agreed that 200 dollars should be paid in railroad stock, and 84 dollars and 40 cents, by note of the trustees, as before stated. Their note for that amount was handed over by the defendant to the plaintiffs, on the 19th of *April*, 1847, and this action was commenced, *April* 2, 1853.

Upon the above facts it was submitted, whether the claim for 200 dollars was barred by the statute of limi-tations. The Court held that it was, and thereupon found for the defendant; and, over a motion for a new trial, there was judgment.

We have seen that in *February*, 1847, an account was stated between the parties, when there was an agreement relative to the amount then ascertained to be due, which involved two distinct stipulations: One to pay 200 dollars in railroad stock, another to pay 84 dollars in a note on the trustees, &c. The present suit is for a failure to pay the stock. It was instituted in *April*, 1853, and is barred by the statute, unless taken without its provisions by the delivery of the trustees' note on the 19th of *April*, 1847.

An admission of continued indebtedness may be inferred from the fact of part payment; but the Court is not allowed to imply such admission as an inference of law. It must be left to the jury. It is only *prima facie* evidence, and may be rebutted by other evidence, and by the circumstances under which it was made. Further, in order to take a case out of the statute by a part payment, it must appear that the payment was made on account of the debt for which the action is brought. *Arnold* v. *Downing*, 11 Barb. 554.—*White* v. *Jordan*, 27 Maine, 370.—*Davis* v. *Edwards*, 6 Eng. Law and Eq. 520.—Angell on Limit. s. 240, note 1 (1).

Here, though the defendant was in point of law bound for the entire amount—284 dollars, still he was really indebted 200 dollars and no more. He incurred the residue of the debt for the *Methodist Church*, to be paid by the note of its trustees. Now, it seems to us, that the delivery of that note to the plaintiffs was the performance of a stipulation which had no intimate connection with his promise to pay the railroad stock, and does not, therefore, allow the inference that he thereby admitted his liability upon the demand in suit. If the delivery of the note had gone in reduction of a debt really his own, the conclusion might be different. At all events, it was the province of the Circuit Court, setting as a jury, to decide whether, under the facts stated, the defendant did or not, within six years prior to the suit, admit the existence of the debt sued on.

And having done so, we are not inclined to change its decision.

*Per Curiam.*—The judgment is affirmed with costs.

*L. Barbour* and *A. G. Porter*, for the appellants.

*S. Yandes*, for the appellee.

(1) See, also, *Guy* v. *Tams*, 6 Gill, 82; *Colburn* v. *Averill*, 30 Maine, 310; *Sibley* v. *Lumbert*, id. 253; *Evans* v. *Smith*, 34 id. 33; *Patch* v. *King*, 29 id. 448; *Carshore* v. *Huyck*, 6 Barb. Sup. Ct. 583; *Love* v. *Hackett*, 6 Geo. R. 486.