## The Adams Express Co. *v.* Black et al.

PAYMENT.—*Application of, by Creditor.*—*Instruction to Jury.*—*Replevin.*— *Livery-Stable Keeper's Lien.*—On the trial of an action to replevy a horse, it appeared from the evidence that the agent of the plaintiff, who was the owner of the horse, had left it for feed and care with the defendant, who was a livery-stable keeper, contracting a debt therefor in a certain sum; that such agent had also contracted another debt to the defendant in a

certain other sum; that such agent claimed that the latter debt was on his own personal credit, whilst the defendant claimed the same to have been contracted by the agent, on behalf of the plaintiff; and that, prior to the commencement of the action, such agent had sent by a third person, to the defendant, a sum of money equalling the exact amount of such feed bill, but, no direction having been given as to its application, the defendant had applied it first in discharge of the latter debt, and the residue upon such feed bill.

Held, that it was error to instruct the jury, that, in the absence of an express direction as to the application of such payment, the defendant had the right to apply the same upon either indebtedness.

Held, also, that the true rule in such case is, that such application should be made according to the intention of the payor, as the same may be gathered from all the circumstances of the case.

From the Putnam Circuit Court.

M. A. Moore and G. C. Moore, for appellant.

D. E. Williamson and A. Daggy, for appellees.

Howk, J.—This was an action by the appellant, as plaintiff, against the appellees, as defendants, to recover the possession of one bay horse of the alleged value of one hundred and fifty dollars.

In its complaint, the appellant alleged, in substance, that it was the owner and entitled to the possession of said horse; that the appellees then had possession of said horse, and unlawfully and wrongfully detained the same from the appellant; and that said horse had not been taken on any tax, assessment or fine or any execution or other writ against the appellant. Wherefore, etc.

On a proper affidavit filed by the appellant, an order for the delivery of said horse was duly issued, by virtue of which the sheriff of Putnam county took the horse from the appellees, and, upon the execution of the necessary undertaking, delivered the same to the appellant.

The appellees answered the complaint, in two paragraphs, in substance as follows:

1. A general denial; and,
2. That, before the commencement of this suit, the ap-

pellee George W. Black was engaged in the business of keeping a livery-stable, in the city of Greencastle, Indiana, in which he kept, fed and groomed horses, by the day and week, for hire ; that the appellant, by its agent, placed said horse in the stable of said George W. Black, for feed, care and attention, as such livery keeper, and the appellant then and there became indebted to said Black in a balance of ten dollars, which it refused to pay; and said George W. Black then and there held and claimed his lien on said horse, then in his possession, for said indebtedness so created. And the appellees further said, that afterward they formed a partnership in said livery business, and continued to keep and care for said horse for the appellant, at a fixed compensation per week, and the appellant then and there became indebted to the appellees, as such partners, in the further sum of fifteen dollars, for which they claimed and held their said lien on said horse, then in their possession, and they claimed to hold said horse, first, on behalf of said George W. Black for said indebtedness due him, and, secondly, for the indebtedness due to said firm, the appellees ; that said horse thus being in the appellees' possession for the purposes aforesaid, the appellant then and there offered to pay the last named bill to the firm, and take said horse out of the appellees' possession ; which the appellees were willing to do, if the appellant would pay both of the said bills, which it refused to do ; and therefore the appellee George W. Black refused to surrender his possession of said horse to the appellant.

To the second paragraph of said answer, the appellant replied in five paragraphs, the first of which was a general denial, and the others stated affirmative matters, which we need not set out in this opinion.

The issues joined were tried by a jury, and a verdict was returned for the appellees, and that the value of the horse in controversy was one hundred dollars.

The Adams Express Co. v. Black et al.

The appellant's motion for a new trial was overruled, and to this decision it excepted; and judgment was rendered on the verdict, for a return of the horse to the appellees, and that they recover their costs.

The only alleged error, properly assigned by the appellant in this court, is the overruling of its motion for a new trial. Of this motion the appellant's attorneys say, in their brief of this cause in this court: "The motion calls in question the verdict, as not sustained by the law and not sustained by the evidence, but contrary to both; also the conduct or rather misconduct of the defendants, and the instructions given, refused, and modified by the court."

We will consider and decide the several matters, thus called in question, in inversion of the order in which counsel have stated them.

Before considering " the instructions given, refused and modified," complained of by the appellant in this court, it is necessary, we think, to an intelligible view of the case and of our decision thereof, that we should first give a summary, at least, of some of the undisputed facts of the case, as we gather the same from the record. In 1872, the appellee George W. Black was engaged in the livery-stable business, and in the business of boarding, feeding and grooming horses, in the city of Greencastle, Indiana, In 1873, he and his brother and co-appellee, Robert M. Black, became partners, and as such continued in the same business, in the same place. In both of said years the appellant had an agency for the transaction of its business, in said city of Greencastle, at which point one W. T. Thomson was the agent of the appellant. The horse sued for in this action was owned by the appellant, and was used by its agent, Thomson, in the transaction of the business of its agency at Greencastle. For some time, in 1872, this horse was boarded by the appellee George W. Black, at his said livery-stable, for the appellant, at the agreed sum of

fifteen dollars per month. The board bills of the horse during the year 1872 were all paid by the appellant. When the board bill for February, 1873, became due, and after the appellee George W. Black had demanded it from the agent, Thomson, the latter sent the amount of said bill, fifteen dollars, by his step-son, one J. B. Theirkoff, to said appellee Black. Before that time, the appellant's agent, Thomson, had made an account with the appellee George W. Black, amounting to nine dollars and fifty cents, which had no connection whatever with the boarding of the appellant's horse. The agent, Thomson, testified that this account was his own individual debt, but the appellee Black claimed and testified that the account was made by the agent for the use and benefit of the appellant, and that he had charged the appellant therewith.

Accordingly, when the agent's step-son, Theirkoff, a lad of sixteen years, paid the appellee Black the said sum of fifteen dollars, without special directions as to the application thereof, the appellee applied, of said fifteen dollars, the sum of nine dollars and fifty cents to the payment of said account, and credited the residue of five dollars and fifty cents on the board bill of said horse for February, 1873. The appellee claimed that there was still due on the board bill of said horse, for February, 1873, the said sum of nine dollars and fifty cents, which the appellant refused to pay ; and, until such payment was made, the appellees refused to surrender said horse, and hence this suit.

Before considering the instructions of the court, complained of, it is proper, also, that we should set out the statute under which the appellees had a lien on the appellant's horse for the amount, if any, really due them for boarding said horse. The statute referred to is an act entitled " An act to give livery-stable keepers, and others engaged in the feeding of cattle, horses, hogs, and other live-stock, a lien upon the same for their services as such, being supplemental to an act concerning liens of mechan-

ics, merchants and others, apprøved May 20th, 1852," approved January 27th, 1853. By the 1st section of this supplemental act, omitting the enacting clause, it was provided as follows :

"That the keepers of livery-stables, and all others engaged in feeding horses, cattle, hogs, and other live-stock, shall have a lien upon such property for the feed and care bestowed by them upon the same, and shall have the same rights and remedies as are provided for those persons heretofore having by law such lien in the act to which this is supplemental." 2 R. S. 1876, p. 335, note *a.*

From the provisions of this act it is clear, that, if there was any sum due the appellees from the appellant "for the feed and care bestowed by them" upon the appellant's horse, they would have a lien therefor upon said horse.

We pass now to the consideration of the instructions of the court, complained of by the appellant in this court. The eighth instruction of the circuit court to the jury trying the cause was as follows :

"8. If, from the evidence, the jury believe that Thomson was the agent of plaintiff, at and for Greencastle, and that at the time of payment by plaintiff of fifteen dollars at the hands of the step-son of the agent, Thomson, the plaintiff was indebted to George W. Black for buggy and horse hire, for the use of the company, and for feed for the company's horse, theretofore procured from Black, and was also indebted for the boarding of said horse of the company in a further sum, in all amounting to twenty-five dollars or more, and that there was no express direction as to how the said sum should be applied, Black had the right to elect for himself upon what part of said indebtedness said payment should be applied."

It is very clear, we think, that this eighth instruction did not contain a full, fair and correct statement of the law applicable to the case made by the evidence in this action.

"It is not necessary that the appropriation of the payment should be made by an express declaration of the debtor ; for if his intention and purpose can be clearly gathered from the circumstances of the case, the creditor is bound by it." 2 Parsons Contracts, 5th ed., p. 630, and notes.

In the case of *Tayloe* v. *Sandiford*, 7 Wheat. 13, it was said by the Supreme Court of the United States, MARSHALL, C. J., delivering the opinion of the court: " A person owing money under distinct contracts has undoubtedly a right to apply his payments to whichever debt he may choose ; and, although prudence might suggest an express direction of the application of his payments at the time of their being made ; yet there may be cases in which this power would be completely exercised without any express direction given at the time. * * * A payment may be attended by circumstances which demonstrate its application as completely as words could demonstrate it."

The question in all such cases is, what was the intention of the debtor ? and, whether this intention is expressed in words, or is implied from the surrounding circumstances of the case, when arrived at, it must prevail and will prevent any other different appropriation by the creditor. When, therefore, in this case the jury were told, that, in the absence of *express* direction from the appellant as to the application of the payment made, the appellee Black had the right to elect for himself the application of the payment made, we are clearly of the opinion that the court mistook the law applicable to the case made, and erred in such instruction.

At the proper time the appellant asked the court below to give the jury the following instruction :

" Payment of the exact amount due on one of two bills is a direction to apply on the bill, the exact amount of which is paid."

The court refused to give this instruction as asked, but modified the same so that it read as follows:

" Payment of the exact amount due on one of two bills is a circumstance you may consider in determining whether there was a direction to apply on the bill, the exact amount of which is paid."

The court gave the jury this instruction, as modified, and to the refusal of the court to give the instruction as asked the appellant excepted, and excepted also to the giving of the instruction as modified.

It seems clear to us, that the court did not err in refusing to give the instructions as asked for by the appellant. The payment of the exact sum due on one of two bills of different amounts can not be regarded of itself as a direction to apply on the bill, the exact amount of which is paid. But we do not think that the instruction, as modified by the court and given to the jury, contained a fair and correct statement of the law applicable to the case made by the evidence. It was not claimed in this case, that, at the time of the payment of said sum of fifteen dollars, the appellant, or its agent, Thomson, or the agent's step-son, Theirkoff, who made such payment, gave any direction for the application or appropriation of such payment. The question for the jury, therefore, was, not whether there was a direction given to apply the payment on the particular bill, for there was no direction given. But the question for the jury was, what was the appellant's intention in making such payment at the time it was made, as shown by the facts and circumstances attending such payment, as to its application or appropriation to the payment of the particular bill, the amount of which it would exactly pay?

Where, as in this case, the payment made would exactly pay the sum due on one of two bills, and such payment would largely overpay the sum due on the other of said two bills; these are circumstances which, in the absence of

express direction, the jury might well consider in determining whether or not it was the intent and purpose of the debtor, in making such payment, to apply or appropriate the same on the one of said two bills, which it would exactly pay. If such were the debtor's intent and purpose in making such payment, as shown by the facts and circumstances thereof, it is clear, we think, that, even in the absence of express direction, the creditor would be bound thereby and could make no other or different application of such payment.

In our opinion, therefore, the court erred in giving the jury the said modified instruction.

The conclusion we have reached in regard to the instructions complained of renders it wholly unnecessary for us to consider or decide the other questions presented by the appellant's counsel. Those questions are questions of fact rather than of law, and they may not arise again on another trial.

For the reasons given we think that the court erred in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.