Dungan *et al. v.* Dollman.

---

## DUNGAN ET AL. *v.* DOLLMAN.

MECHANIC'S LIEN.—*Purchaser of Part of Property.—Joint Action Against Grantor and Grantee.—Application of Payment.—Special Finding.*— In an action to enforce separate mechanic's liens, upon several tracts of real estate, for separate buildings thereon, against the owner of the same at the

time such buildings were erected, and a purchaser of one of the tracts subsequent to the filing of the notices of the liens, the court found specially, on the trial, that certain sums had been paid on each lien respectively, and that a certain other sum, exceeding the amount yet due on the purchaser's tract, had been paid " without specifying " that " any particular amount" should be applied " on either of said houses."

.*Held,* that, as a conclusion of law, such payment should be applied first to the discharge of the lien on such purchaser's tract.

From the Marion Superior Court.

*F. H. Levering,* *C. Ballenger* and *D. M. Bradbury,* for appellants.

*G. Carter* and *J. N. Binford,* for appellee.

Howk, C. J.—This was a suit by the appellee, against the appellants, to collect the amount due the appellee for work done and materials furnished by him in the erection of a certain house, and for the enforcement of a mechanic's lien thereon.

The appellee's complaint contained three paragraphs, but, as the errors assigned by the appellants do not question the sufficiency of either of the paragraphs, we need not set them out in this opinion. It was agreed in open court, at special term, that "All legal and equitable defences herein may be introduced under the general denial."

The cause was submitted to the court for trial, without a jury, and, at the request of the defendants, the court, at special term, made a special finding of facts, and of its conclusions of law thereon, in writing, in substance as follows :

" The court, at the request of the defendants, makes a special finding in said cause :

" 1.    The two houses, mentioned in the complaint, were built under a contract between the plaintiff and the defendant John W. Chambers, at $3,000.00 each, as in plaintiff's complaint alleged. The two houses were completed about the same time, and required about the same amount, character and value of labor and materials ;

" 2.  That the notices of plaintiff, of his intention to hold mechanics' liens on the real estate described therein, were recorded in the mechanic's lien record of Marion county, Indiana, within sixty days after the completion of the work;

" 3.  That the house of defendant Dungan is erected on lots 59 and 60, in John W. Chambers' subdivision of lots 7, 8, 9, 10 and 11, in Irvington, Marion county, Indiana, and that the said subdivision was the first, in point of time, that the said Chambers made in Irvington, and that said lots 59 and 60 are the identical lots mentioned in said notices;

" 4.  That said Chambers has no subdivision, known or recorded as 'Chambers' First Subdivision,' in Irvington;

" 5.  That the two notices of mechanic's lien, filed with the complaint, were recorded at the same date, and that there was then due the plaintiff from the defendant Chambers,. on the said contract, for work done and materials furnished to said houses, a balance of $781.70;

" 6.  That, of the payments made on said contract before the commencement of this suit, $2,226.63 had been applied by mutual agreement of the plaintiff and defendant Chambers, on the house of defendant Dungan, and $1,353.37 had in like manner been applied on the other house embraced in the contract, and the sum of $1,638.30 had been paid on the two houses generally, without specifying any particular amount on either of said houses;

" 7.  That the title of the two houses was in defendant Chambers, at or near the date of the completion of the work by plaintiff, and that the said lots 59 and 60, in John W. Chambers' subdivision of lots 7, 8, 9, 10 and 11, in Irvington, were then purchased by the defendant Dungan, without any actual knowledge of the claim of plaintiff against them, but after the plaintiff had filed and pro-

cured to be recorded his notices of intention to hold said liens;

"8. That the title of the property, described in the other mechanic's lien filed in said cause, to wit, lots 72, 73, 74, 75, 76 and 77, in Chambers, Miller and Keaton's Addition to Irvington, Marion county, Indiana, remained in the said Chambers, after the purchase of the property of these defendants by them;

"9. That the sum of $20.00 was allowed for damages, and credited on the amount found to be due and held as a lien on the property of the defendant Dungan, on account of the settling of the house erected by plaintiff.

"And the court, upon the foregoing facts, finds, as a conclusion of law, that the plaintiff recover of the defendant Chambers $781.70, and that he is entitled to his mechanic's liens; that they be foreclosed against the property of these defendants Dungans, and the said sum be divided equally between the two pieces of property embraced in the contract, to wit, $390.85 on each, there being a credit of $20.00 on account of the settling of the Dungans' house, the decree, as against said house, will be but $370.85, to wit, $370.85 against lots 59 and 60, in John W. Chambers' subdivision of lots 7, 8, 9, 10 and 11, in Irvington, Marion county, Indiana, and against lots 76 and 77 in Chambers, Miller and Keaton's Addition to Irvington, Marion county, Indiana, the sum of $390.85, and decree ordered accordingly."

To the conclusion of law of the court, at special term, the appellants, William H. and Sarah Dungan, at the time excepted. The same appellants, Dungan and his wife, moved the court in writing for a new trial, which motion was overruled by the court, at special term, and to this ruling the same appellants excepted. The court, at special term, then rendered judgment upon and in accordance with its special finding of facts and its conclusion of law

thereon, from which judgment the said William H. Dungan appealed to the court below, in general term. The judgment of the special term was affirmed by the court in general term, and from this judgment of affirmance the appellant William H. Dungan has appealed to this court, and has here assigned, as error, the said judgment of affirmance of the court in general term.

This assignment of error brings before this court, for its consideration and decision, the several questions, and no others, which fairly arise under the errors assigned by the appellant William H. Dungan, in the court below, in general term. The errors there assigned by the appellant William H. Dungan were as follows :

" 1st. That the court erred in its conclusions of law;

" 2d. The court erred in assessing the amount of damages against the real estate of this defendant; and,

" 3d. The court erred in sustaining the mechanic's lien on the real estate of this defendant."

It seems to us that upon the facts found by the court, at special term, its conclusion of law is erroneous, and can not be sustained. The leading and controlling facts found by the court may be briefly stated as follows : The appellee built, under a contract with defendant Chambers, two houses at three thousand dollars each, situate on different lots in and near Irvington, which two houses were completed about the same time, and required about the same amount, character and value of labor and materials. Two notices of appellee's intention to hold a mechanic's lien on the lots therein respectively described were filed and recorded on the same day, and within sixty days after the completion of the houses, in the proper record of the proper recorder's office. The title of the two houses was in Chambers, at or near the time they were completed by the appellee; and the lots 59 and 60 were then purchased by the appellant, without actual knowledge of the appellee's

claim against them, but after the filing and record of his notices of mechanic's liens thereon. The title to the other lots and house remained in the defendant Chambers, after the appellant's purchase of his house and lots. Of the payments made by Chambers to the appellee, under their contract, by mutual agreement the sum of two thousand two hundred and twenty-six dollars and sixty-three cents was applied on the appellant's house, and one thousand three hundred and fifty-three dollars and thirty-seven cents was in like manner applied on the other house; and the sum of one thousand six hundred and thirty-eight dollars and thirty cents was paid generally " without specifying any particular amount on either of said houses." These payments left a balance, due under the contract, of seven hundred and eighty-one dollars and seventy cents, which was the debt of the defendant Chambers to the appellee.

These were the facts found by the court from which its conclusion of law was drawn. In this conclusion we think the court erred in its application or appropriation of the general payment, made by Chambers to the appellee, of one thousand six hundred and thirty-eight dollars and thirty cents. If this payment had been applied by the court in equal portions on the two houses, as it seems to us it ought to have been applied, it will be readily seen that the contract price of the appellant's house would have been fully paid, and the balance due the appellee from Chambers would have been placed where in equity and good conscience, under the facts found, it ought to have been placed—upon the house and lots, the title of which remained in Chambers. The general rule in regard to the application of payments seems to be well established, that the payor or debtor owing two or more debts to the same creditor or payee, may direct the application of any payment made, as he may elect, to either of his said debts. It is not absolutely necessary in such a case, that the appro-

priation of the payment should be made by an express declaration of the debtor; for if his purpose and intention, as to the application of the payment, could be clearly gathered from the attendant circumstances, the creditor would be bound thereby, even in the absence of an express direction. *The Adams Express Co.* v. *Black*, 62 Ind. 128.

The general rules governing the appropriation of a payment, where the creditor has distinct accounts against the debtor, are thus stated in 2 Parsons on Contracts, 629 : " First, a debtor who owes his creditor money on distinct accounts, may direct his payments to be applied to either, as he pleases. Second, if the debtor makes no appropriation, the creditor may apply the money as he pleases. Third, if neither party makes a specific appropriation of the money, the law will appropriate it as the justice and equity of the case may require." *Cremer* v. *Higginson*, 1 Mason, 323, 338.

It would seem in the case now before us, from the special finding of the court, at special term, that neither the appellee nor the defendant Chambers made a specific appropriation of the general payment of one thousand six hundred and thirty-eight dollars and thirty cents, on either of the said two houses. It is very clear, we think, that the justice and equity of this case required that the general payment made should have been appropriated first to the payment of the unpaid balance on the appellant's house. This application of the general payment was fully warranted and authorized, we think, by the facts found by the court and the law applicable thereto ; and it would have left the balance found by the court to be due the appellee from Chambers, on the other house and lots, the title of which remained in said Chambers. The error of the court at special term, in its conclusion of law upon the facts found, as it seems to us, is this : Instead of finding, as its conclusion of law, upon the facts found, that the bal-

ance of seven hundred and eighty-one dollars and seventy cents, due the appellee from the defendant Chambers, should be equally divided between the two houses, and that the one-half of said balance should be enforced against each house and the lots on which the house was situate, the court should have found, as its conclusion of law, that the entire amount of said balance was due the appellee from Chambers on, and should be enforced against, the house and the lots on which the same was situate, the title of which remained in said Chambers; and that there was nothing whatever due the appellee on the house and lots owned by the appellant.

The judgment is reversed, at the costs of the appellee, as against the appellant Dungan, and the cause is remanded with instructions to the court, at general term, to reverse the judgment at special term, with instructions to modify its conclusion of law, upon the facts found, in accordance with this opinion, and render judgment accordingly, in favor of the appellant William H. Dungan.