Willey v. The State, *ex rel.* Brown, Auditor.

No. 10,828.

WILLEY *v.* THE STATE, EX REL. BROWN, AUDITOR.

STATUTE OF LIMITATIONS.—*Promissory Note.*—*Payment.*—*Pleading.*—To an answer to a complaint declaring on a promissory note, alleging that the cause of action did not accrue within twenty years, a reply that the defendant had made payments·on the note within twenty years, which were endorsed thereon, and that the defendant "then and there and thereby acknowledged the validity of such note and promised to pay the same," is good.

SAME.—*Payment only Prima Facie Evidence of New Contract.*—*Rebutting Evidence.*—*Practice.*—Under sections 301 and 303, R. S. 1881, payment on the cause of action is only *prima facie* evidence of a new or continuing contract and may be rebutted by other evidence, but the question as to whether the rebutting evidence is sufficient is for the trial court. The Supreme Court will not weigh the evidence.

From the Lake Circuit Court.

M. *Wood* and *T. J. Wood,* for appellant.

HOWK, J.—In this case appellant, Willey, the defendant below, has here assigned as errors the following decisions of the circuit court:

1. In overruling his motion for a new trial; and,

2. In overruling his demurrer to the second paragraph of the relator's reply to the second paragraph of appellant's answer.

Before considering any question presented by either of these alleged errors, it may be premised that the suit was brought by appellee's relator, Brown, auditor of Lake county, on the 13th day of April, 1881. The relator's complaint counted upon a joint and several promissory note, whereby the appellant and two other persons promised to pay to the State of Indiana, on or before the 19th day of March, 1854, the sum of fifty dollars, with interest thereon at the rate of seven per cent. per annum in advance, commencing on the 19th day of March, 1853, and agreed that, in case of failure to pay any instalment of interest, the principal sum should become due and collectible, together with all interest, and on any such

failure to pay principal or interest when due, five per cent. damages on the whole sum due should be collected, with costs. In his complaint the relator alleged that the money evidenced by such note was borrowed by appellant from the then auditor of Lake county, out of the common school fund of such county; that the note and its endorsements were filed with such complaint; and that the note and the interest thereon were due and wholly unpaid.

The first paragraph of answer was a general denial of the complaint. In the second paragraph of his answer appellant said that appellee's cause of action did not accrue within twenty years.

Appellee replied, first, by a general denial. In the second reply to the second paragraph of appellant's answer, appellee said that the note in suit was partly paid by appellant within the past twenty years, to wit, appellant paid on such note, on the 19th day of March, 1873, the sum of ten dollars, and on the 12th day of April, 1872, the sum of thirty-five dollars, which payments were, at the times thereof, duly endorsed on such note and yet appeared thereon; and that such payments were made to the then auditor of such county, and appellant then and there, and thereby, acknowledged the validity of such note and promised to pay the same.

The court overruled appellant's demurrer to this second reply. This ruling is the second error assigned; but, in the natural order of things, it is the first error which should be considered and decided. We are of opinion that the second reply is clearly good, and that the court did not err in overruling the demurrer thereto. McCallam v. Pleasants, 67 Ind. 542, on p. 546, and cases there cited.

The cause was tried by the court, and a finding was made for the appellee in the sum of $86.02, and over appellant's motion for a new trial, judgment was rendered against him in favor of the State for the amount found due on his note. The overruling of his motion for a new trial, as we have seen, is the first error assigned by the appellant. In such motion

the only causes assigned for such new trial were, (1) that the finding of the court was contrary to the evidence, and (2) that such finding was contrary to law. These causes for a new trial present for our decision the single question, Is there legal evidence in the record of this cause which tends to sustain the finding of the circuit court on every material point? If this question must be answered in the affirmative, and we think it must, it is very clear that the judgment below must be affirmed; for it may be regarded as settled by our decisions, that this court will not weigh the evidence nor disturb the finding of the court or verdict of the jury, nor reverse the judgment below upon what might seem to us to be the weight of the evidence. *Swales* v. *Southard*, 64 Ind. 557; *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461; *Western Union Tel. Co.* v. *Huff*, 102 Ind. 535.

The evidence clearly and conclusively shows that appellant made the payment of $35 on the note in suit, which is credited thereon, at or near the time the credit is dated, to wit, April 12th, 1872, to the then auditor of Lake county. Of this payment appellant's counsel say: " It is only *prima facie* evidence of a new or continuing contract, and may be rebutted by other evidence." Doubtless this is a correct statement of the law of this State, applicable to the question under consideration, under the provisions of sections 301 and 303, R. S. 1881, which are re-enactments of sections 220 and 223 of the civil code of 1852. But the difficulty with appellant's defence, in the case in hand, is, that in the absence of rebutting evidence, appellee's *prima facie* evidence was amply sufficient to sustain the finding of the court in favor of the State; and the questions whether or not appellant's rebutting evidence was sufficient to rebut, overcome or outweigh such *prima facie* evidence, and also in relation to the credibility of appellant's rebutting witness and of his evidence, were questions for the circuit court, as the trier of the facts. In other words, we are met here with the question of the weight and credibility of evidence, with the advantage,

as it always is in such cases, decidedly in favor of the deci-
sion of the trial court. Of course, that court has opportuni-
ties and facilities for the proper and correct determination of
such questions, which we, as an appellate court, can not pos-
sibly have. Accordingly, in such cases, this court long since
adopted the rule, and has since strictly adhered to it, to abide
by the finding and decision of the trial court, and neither to
disturb the finding nor reverse the judgment upon the weight
of the evidence. In the case under consideration, we can not
say from the record before us that the trial court erred in
overruling appellant's motion for a new trial, and, therefore,
we must presume in favor of the decision, that the court com-
mitted no error in refusing him a new trial. *Myers* v. *Murphy,*
60 Ind. 282; *Bowen* v. *Pollard,* 71 Ind. 177; *Louisville, etc.,
R. W. Co.* v. *Harrigan,* 94 Ind. 245.

We find no error in the record of this cause.

The judgment is affirmed, with costs.

Note.—The death of the appellant, since the submission
of this cause, having been suggested, it is ordered that the
judgment of this court be rendered as of its May term, 1883,
at which term the cause was submitted.

Filed March 26, 1886; petition for a rehearing overruled May 19, 1886.