Belshaw *et al. v.* Chitwood *et al.*

No. 17,381.

BELSHAW ET AL. *v.* CHITWOOD ET AL.

SPECIAL FINDING.—*Legal Conclusion.— Ultimate Fact.— Intention.—
Revocation of Will.*—In an action to set aside the probate of a will
on the ground that the will had been revoked, a special finding that
there was no intention to substitute a subsequent grant to the legatee
for the full devise, is not a legal conclusion, but is the statement of
a fact, the nonexistence of an intention.

SAME.—*Intention.—An Ultimate Fact.*—The presence or absence of in-
tention, a mental state, is impossible of statement except as an ulti-
mate fact, unless the jury violate the rule that the evidence should
not be stated in the special verdict.

SAME.—*Failure to Find Fact Essential to Recovery.*—The failure to find
a fact essential to a recovery by plaintiff, is equivalent to a finding
that such fact does not exist.

WILL.—*Revocation, Manner of.*—A declaration of an intention, by a
testator, never thereafter carried into effect, to make certain con-
veyances and then destroy the will, is not sufficient to constitute a
revocation. See sections 2729, 2736, R. S. 1894, for manner of re-
voking a will.

From the Lake Circuit Court.

*T. J. Wood,* for appellants.

*E. D. Crumpacker* and *T. S. Fancher,* for appellees.

HACKNEY, J.—In this case the appellants unsuccess-
fully contested the last will of Harriet Belshaw, who was
the mother of the principal contestants.

The jury rendered a special verdict, finding that on the
17th day of October, 1887, the said Harriet executed her
said will, first providing for her debts and funeral ex-
penses, and then devising and bequeathing to her daugh-
ter, Florence Belshaw, by the language of the will, "all
the balance and residue of my estate, real, personal or
mixed, to have absolutely"; that after the execution of
said will she retained the same in her possession and
control, as executed, until her death on the 28th day of

February, 1893; that on the 12th day of October, 1891, she executed to her daughter, Florence Chitwood, a deed conveying twenty-eight and one-half acres of land held by her at the time of the making of said will.

It is found that the consideration stated in said deed for the execution thereof was natural love and affection, and in compensation for services rendered; that said deed was duly recorded in October, 1891; "that a few days before she executed said deed to said Florence, said Harriet Belshaw declared to the plaintiffs Lucy Hayden and Sherman Hayden, and to said Florence Chitwood, that she (Harriet) would convey said land to said Florence, and also convey a certain tract to said Lucy Hayden and another tract to William E. Belshaw, and, after making such conveyances, she would burn and destroy said will;" that she executed said deed to Florence, but failed to execute said deeds to William and Lucy, and never destroyed or mutilated said will, and never again expressed an intention to do so. "That said will was not referred to in said deed of conveyance, nor did said Harriet Belshaw sign or execute any other will or instrument in writing, whereby said will was referred to in any manner; * * * that the conveyance," so made, "was not intended by the said Harriet Belshaw to be in full satisfaction of the legacies and bequests to said Florence Chitwood contained in said will." At her death she owned over one hundred acres of land and a small amount of personal property. The will was subsequently admitted to probate.

Many objections are urged to the sufficiency of the facts found, and it is insisted, that the verdict contains conclusions of law. It is conceded that conclusions of law found do not vitiate a verdict, and that all such should be disregarded and only the facts found should be considered. Before considering objections to the ver-

·dict, it is important to ascertain the scope and theory of the action, and by reference to the complaint we find that its allegations affirm the execution and probate of the will and deny the force and effect thereof by claiming its revocation after execution and before probate.

The revocation is alleged to have occurred some two years before the death of the testatrix, and to have consisted in an agreement between the testatrix and Florence Chitwood, by which said Florence was to surrender all of her rights under said will, and the same should be of no force, upon the execution to her of a warranty deed for certain real estate; that said deed was executed, and the will was held by said Florence for destruction. The prayer is for the setting aside of the probate. The only answer was in general denial.

The appellants moved to set aside the verdict as indefinite; also for judgment in their favor upon the verdict, and also for a new trial, each and all of which motions were overruled, and such rulings are assigned, in this court, as errors.

The due execution of the will was not an issue, nor was the regularity of the probate questioned. The essence of the issue was the revocation of the will. Disregarding the facts and conclusions of law, if such there be, having reference to the due execution and regularity of the probate of the will there remains not only such facts, in our judgment, as constitute a definite verdict, but such as precluded a recovery by the appellants, and imperatively required a judgment for the appellees. Most of the numerous objections presented have reference to the execution of the will, and, as it was the theory of the complaint that the will, duly executed, had been legally revoked, the verdict must be read with reference to that single issue, and a verdict that covers the issue is sufficient. *Nat'l Bank, etc.,* v. *Second Nat'l Bank, etc.,* 69

Ind. 479; *Conner* v. *Citizens St. R. W. Co.*, 105 Ind. 62.

Are facts found upon which to determine the issue of the revocation of the will?   It is not claimed that the mere execution of a deed to a devisee, of a part of the land devised, will work a revocation of the will.   Here it is found that the deed was supported by a valuable consideration, and it is certainly not indicative of an intention to revoke a devise, which in its nature only takes effect upon the death of the testatrix, that the testatrix, for a consideration, parted with a fraction of the land covered by the devise, and permitted the devisee to enjoy the same before the will became effective.   It is expressly found that in the execution of the deed there was no intention to substitute the grant for the full devise.   This part of the finding, quoted above, is objected to as a legal conclusion.   We do not so regard it. It is but the statement of a fact, the nonexistence of an intention.   The presence or absence of intention, a mental conclusion, is impossible of statement except as an ultimate fact, unless the jury violate the rule that evidence should not be stated in the special verdict, and in that contingency the court would be required to draw the ultimate conclusion which is, in most instances, forbidden.   By no line of reasoning could we conclude that the finding was a legal conclusion.

It is found that no written revocation or intention to revoke was ever executed by Mrs. Belshaw, but it is found that she once declared an intention, never thereafter carried into effect, to make certain conveyances and then to destroy her will.   That these facts are insufficient to constitute a revocation is established by reference to the statute.   R. S. 1894, sections 2729, 2736 (R. S. 1881, sections 2559, 2556).

The first of these sections provides that "no will in

writing, nor any part thereof, except as in this act provided, shall be revoked, unless the testator, or some other person in his presence and by his direction, with intent to revoke, shall destroy or mutilate the same; or such testator shall execute other writing for that purpose, signed, subscribed and attested as required in the preceding section."

By the second of these sections it is further provided that "a conveyance, settlement, deed or other act of a testator, by which his estate or interest in property previously devised by him shall be altered but not wholly divested, shall not be deemed a revocation of such devise, but the same shall pass to the devisee," etc.

The oral statement of the testatrix, found by the jury and quoted by us, of an intention to convey, is not only far short of the requirements of the statute, but does not establish the agreement between Mrs. Chitwood and the testatrix that the conveyance should be in full of all rights which the former might have under the will. We do not intimate that such an agreement, if proven, would have been sufficient under the provisions of the statute above quoted. The finding that the testatrix retained the will until her death, in the condition in which it was executed, not only fails to support the allegation that the will was entrusted to Mrs. Chitwood for destruction, but most clearly refutes that allegation. That the verdict does not find any fact essential to a recovery by the appellants is equivalent to a finding that such fact does not exist. *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273; *Glantz* v. *City of South Bend,* 106 Ind. 305; *Parmater* v. *State, ex rel.,* 102 Ind. 90.

The argument that an estoppel arises by reason of the alleged agreement fails by the failure to establish the agreement, even if we were permitted to hold the will to have been revoked by the testatrix because of an estop-

pel against the devisee, a proposition we would hesitate to accept.

There was no error in the judgment of the circuit court, and the same is in all things affirmed.

