No. 701.—SUCCESSION OF CORNELIUS VOORHIES. Opposition to Tableau of Administrator.

A written agreement to pay a certain amount of money to another, styled a bond, falls under the class or denomination of promissory notes, and is prescribed by the lapse of five years from maturity. Bank of Louisiana v. Williams, ante page 121.

A payment made by a security will not interrupt prescription as to the principal debtor.

APPEAL from the Parish Court, parish of St. Martin. *Fontelieu*, Parish Judge. *Simon & Voorhies*, for appellee, *DeBlanc & Perry*, for appellant.

HOWELL, J. On the twenty-second of December, 1868, the administrator of the succession of Cornelius Voorhies, deceased, alleging that he had no funds to be distributed, filed what is termed " a tableau of classification of said succession," setting forth the amount of the inventory and the amounts of the mortgage, privilege and ordinary debts, which he prayed might be published and homologated.

Mrs. Cidalise Mouton, surviving widow, opposed the homologation on the grounds that no administration was necessary, as the property was all community property and had already been adjudicated to her at the price of estimation; that if the said adjudication should be invalid, she should be placed on the tableau as a creditor for $30,000, paraphernal funds secured by mortgage; that should said above rights be null and void, then she should be placed on the tableau for $2000, instead of $1000 as a homestead; and she opposes all the claims on the tableau except the privileged claims, as being prescribed by one, two, three, four, five and ten years, and especially declares that the mortgage claim of the Bank of Louisiana is prescribed by five years, and the mortgage itself is extinguished for want of reinscription.

The Bank of Louisiana also filed an opposition, alleging that the active mass of the estate should be increased by certain amounts specified; that the surviving widow, having used said amounts to pay debts inferior in rank to certain claims set up as privileged, said claims should be disallowed, and that other claims classed as privileged,

except the clerk's bill, and all other debts, except that due the bank itself, are not due, and if due, are not payable out of the price of the property mortgaged to the bank.

Subsequently the said bank filed an answer to the opposition of the surviving widow, asking that the adjudication to her of the community property on the twenty-second of October, 1860, be declared null and void, because, at the time, the succession was and still is largely in debt, and specially contesting all other matters set up in said opposition.

After hearing the parties, the Parish Judge rendered judgment sustaining the opposition of Mrs. Mouton, widow, etc., to the effect that the claim of the Bank of Louisiana be rejected from the tableau with costs of its opposition and condemning the estate to pay costs of the widow's opposition.

From this judgment the bank has appealed.

The first question presented for solution is the prescription of the bank's claim which was sustained by the court a qua.

The claim is based on a written instrument signed by Cornelius Voorhies and wife, and denominated a bond, and is exactly similar to the one sued on in the case of the same bank against D. P. Williams and wife (21 A. 121), and declared subject to the prescription of five years.

It is contended that the prescription of five years does not apply; that if it does, it was suspended by the war and interrupted by payments and an extension of payment.

The two first points are settled adversely to the pretensions of the bank and we see no reason for unsettling them.

The "bond" or note is for $25,000, and was due on the fourth of June, 1859, and secured by act of mortgage, in which B. O. Vignaud intervened and bound himself and his firm of Menard & Vignaud to pay said obligation in case of default on the part of the mortgagers, and waived discussion. At the above date a payment of $5000 on the principal, and of the interest up to fourth June, 1860, was made. On the first July following, to wit, 1859, Cornelius Voorhies died. Joseph Menard, a witness for the bank, testifies that the firm of Menard & Vignaud were the commercial agents and commission merchants of Judge Cornelius Voorhies, and after his death continued as such for widow Cornelius Voorhies; that on the fourth June, 1860, the interest to fourth June, 1861, was paid by Menard & Vignaud, and that in 1861, the bank extended the payment of interest on the bond to June, 1862. To the last direct interrogatory propounded to him, he says: " The last payment made by the firm on the bond referred to, was on the fourth of June, 1860. Since then I have no other recollection of any other payment having been made on said bond for account of Mrs. Voorhies." There is no other evidence as to the alleged extension.

Mrs. Voorhies, as a witness, denies that Menard & Vignaud were authorized by her to make any payment for her to the Bank of Louisiana, or that she had any dealings with them as her factors after they sold the crop of 1859. The firm therefore was without authority to make the payment on the fourth June, 1860, or procure the alleged extension to June, 1862, for the debtors. The payment on the fourth of June, 1860, of the interest to fourth June, 1861, would not, if authorized, affect the plea of prescription, as more than five years intervened between that date and the acknowledgment of the administrator on the twenty-sixth of March, 1867. The bank however contends that Menard & Vignaud, being bound with the debtors, had an interest in effecting the extension of the payment of interest to the fourth of June, 1862, and that it being an acknowledgment of the debt due at that date, interrupted prescription as to the principal debtors.

It is only the acknowledgment of one of the debtors *in solido*, that interrupts prescription as to the others. C. C. 3517. Solidarity is not presumed, and as Menard & Vignaud did not expressly bind themselves *in solido*, with the mortgagers in the act of mortgage, they are simply the security of the latter, and their acknowledgment does not have the effect claimed for it. Article 3518 C. C. says, that the acknowledgment of the principal debtor interrupts prescription on the part of the surety; but the converse is not declared, and as there are no other modes of interrupting prescription than those established by the Code, we cannot apply the interruption of prescription in behalf of the security. The judge *a quo* did not err in sustaining the plea, and consequently the bank, the only appellant, is without interest to inquire into any other questions involved in the oppositions, and no one else complains, who can be heard.

Judgment affirmed at costs of appellant.