No. 100.—F. M. SMITH, Administrator, *v.* J. A. COON, Administrator.

A payment made on a promissory note by an agent, without authority from the debtor, will not interrupt prescription.

A renunciation or waiver of prescription by the administrator, after prescription has accrued, is null, as against the estate. 21 An. 373. Therefore, if the administrator had made a payment on the note, as agent, without authority, before prescription accrued, he had no authority to ratify the act, as administrator, after the note was prescribed.

APPEAL from the District Court, parish of Ouachita. *Ray,* J. *R. W. Jemison* and *Stubbs & Cobb,* for plaintiff and appellee. *Richardson & McEnery,* for defendant and appellant.

HOWE, J. This action was instituted in February, 1867, upon a note for one thousand dollars, made by Madison Rogers, in favor of Cassandra Smith, and due January 4, 1861. Both the maker and payee of the note being dead, the suit is prosecuted by their legal representatives. There was judgment for plaintiff, and defendant has appealed.

The defense is prescription. To rebut this, the plaintiff relies upon a payment of. $240, proved to have been made to the payee of the note in 1863 or 1864, by J. A. Coon, which payment was made, it is claimed, by Coon, as agent of Rogers, and effected an interruption of prescription.

A debtor who makes a payment, is considered as interrupting prescription, because there is an implied recognition of the creditor's right; but it is equally true that no such recognition can be inferred from a payment made by a third person, without the authority, express or implied, of the debtor. 4 An. 509.

Now, in the record before us, we are unable to find any evidence that Coon was authorized, directly or indirectly, expressly or by implication, verbally or in writing, to make the payment in question. On the contrary, Coon testifies that he had no authority whatever.

The plaintiff objected to this testimony, on the ground of estoppel, contending that, since Coon held himself out as agent at the time of the payment of the $240, he could not afterwards deny the agency. 4 M. 448. This might be true, as against Coon, the individual, but not against Rogers or his succession. The latter could no more be estopped than bound by unauthorized statements or acts of a third party.

The plaintiff also urges the fact that Coon, being appointed administrator in March, 1866, took no steps to disavow his authority to make the payment, and that, therefore, he ratified, as administrator, the act of himself, as agent. C. C. 1811.

To this we may reply that, in March, 1866, the note in suit had become prescribed, and the administrator had no authority then to renounce prescription. 21 An. 373. Being without power, even by the most solemn written act, to renounce a right thus acquired by the succession, we are at a loss to see how he could, by silence and inaction merely, effect a similar result. Moreover, the doctrine contended for

proceeds, in part at least, upon the theory that if the administrator had disavowed the act of the pretended agent, the plaintiff would have taken steps to interrupt prescription by suit. But, as prescription had been acquired before Coon was appointed, it is plain that this doctrine has no application, since the theory upon which it is founded could have no logical existence.

It is therefore ordered that the judgment appealed from be reversed, and the claim of plaintiff rejected, with costs.