## GRAHAM vs. SELOVER.

On the 23d of November, 1850, the plaintiff sold to the firm of M. &. H. certain property for $20,500, payable, $5000 in cash, $5500 in the note of M. & H. and $10,000 in the draft of M. & H., on S. & Co., at three months. The purchase was made for the benefit of M. & H. alone, and the draft was accepted by S. & Co., (of which firm M. was a member,) for the accommodation of the plaintiff. In December, 1850, the plaintiff placed the acceptance in the hands of A. & Co., as his agents, and as security for advances made to him, and informed M., before it matured, that A. & Co. had the same for collection, with full power to settle with them. In May, 1851, S. & Co. became insolvent, and in October, 1851, the firm was dissolved. In August, 1852, A. & Co. accepted the individual notes of M. for $4000 in full for said acceptance, which notes were paid to A. & Co., and the acceptance delivered to M. Subsequently, A. & Co. rendered an account of said settlement, to the plaintiff, and paid him the balance due to him, informing him that they had delivered the acceptance to S. or to M. On the 27th of October, 1851, when the firm of S. & Co. was dissolved, M. assumed all the debts and liabilities of the firm, and gave to S. a bond to indemnify him against the same. In an action commenced by the plaintiff March 20, 1866, against

the defendant, to recover the balance of an account stated, of the amount remaining due upon the acceptance; it was

*Held*, 1. That the plea of the statute of limitations was a good defense; and this, whether the amendment of 1867 was applicable, or not.

2. That the payment of the $4000, in August, 1852, was not a *novation* of the contract, so far as S. was concerned, so as to make the statute commence running only from that time.

3. That the payment of $4000 having been made by M. after the dissolution of the firm of S. & Co., (of which he was a member,) and there being no evidence that S. had anything to do with it, or authorized it, he was not bound or affected by such payment.

4. That whether such payment was made before or after the action was barred by the statute of limitations made no difference. That in neither case did the payment affect the running of the statute, as to the partner who did not make or authorize it.

APPEAL from a judgment entered upon the report of a referee, dismissing the complaint, with costs.

The action was brought to recover the balance of an account stated, upon an indebtedness accruing to the plaintiff from the defendant, upon an acceptance given in San Francisco, November 23, 1850. The defendant pleaded the general issue, and the statute of limitations.

The facts, as found by the referee, were as follows: The firm of Middleton & Hood was composed of John Middleton and John M. Hood, and the firm of Selover & Co. was composed of the defendant S. and said John Middleton. On the 23d of November, 1850, the plaintiff sold to Middleton & Hood certain property for $20,500, payable, $5000 in cash, $5500 in the note of Middleton & Hood, and $10,000 in the draft of Middleton & Hood on Selover & Co., at three months. The purchase was made for the benefit of Middleton & Hood alone, and the draft was accepted by Selover & Co. for the accommodation of the plaintiff. In December, 1850, the plaintiff placed this acceptance in the hands of Argenti & Co., as his agents, and as security for advances made to him, and informed Middleton, before it matured, that Argenti & Co. had the same for collection, with full power to settle with them.

In May, 1851, Selover & Co. became insolvent. In August, 1852, Argenti & Co., acting under this authority, accepted the individual notes of John Middleton for $4000, in full for said acceptance, which notes were paid to Argenti & Co., and the acceptance delivered to Middleton. Subsequently, Argenti & Co. rendered an account of said settlement to the plaintiff, and paid him the balance due to him, and informed him that they had delivered the acceptance to Selover or to Middleton. On the 27th of October, 1851, the firm of Selover & Co. was dissolved, and Middleton assumed all the debts and liabilities of the firm, and gave to Selover a bond to indemnify him against all debts and liabilities of the said firm. The referee also found that more than six years had elapsed since any cause of action set forth in the complaint accrued in favor of the plaintiff, against the defendant. He accordingly found, as a conclusion of law, that the defendant was entitled to judgment against the plaintiff, for the dismissal of the complaint, on the merits, with costs. The plaintiff appealed to the general term.

*John Graham,* for the appellant.

*Coles Morris,* for the respondent.

*By the Court,* CARDOZO, J. It is not disputed that the statute of limitations is a defense to the second cause of action contained in the complaint. I am of opinion that that plea is also an answer to the first cause of action, and that whether the amendment of 1867 is or not to be considered applicable to the case. If that amendment applies, of course the period of limitation would have expired. But if it does not—and I express no opinion on that point—I still think the cause of action barred, even deducting from the referee's calculation the absences in Europe and Missouri, which the appellant insists the

Graham *v.* Selover.

referee should have deducted. The point where I differ from the learned counsel for the appellant is as to the time when the cause of action accrued. He claims that the payment of the $4000 in August, 1852, was a novation of the contract, and that the statute only commenced to run from that period. This, I think, is a mistake, so far as Selover is concerned. The partnership of Selover & Co. was dissolved in October, 1851, and Selover transferred all his interest in its property, assets and credits to Middleton, who agreed to indemnify him against the debts and liabilities.

The payment in August, 1852, was made by Middleton after the dissolution. There is no evidence that Selover had anything to do with it, or that he authorized it in any way. It is settled that such a payment has no effect, so far as he is concerned. (*Van Keuren* v. *Parmelee*, 2 *N. Y.* 523. *Winchell* v. *Hicks*, 18 *id.* 558.) Whether the payment be made before or after the action is barred by the statute of limitations, makes no difference. (*Shoemaker* v. *Benedict*, 1 *Kern.* 176.) In neither case does the payment affect the running of the statute, as to the partner who did not make or authorize it.

The judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, April 4, 1871. *Ingraham*, P. J., and *Cardozo* and *Geo. G. Barnard*, Justices.