CHARLES MAINZINGER v. CONRAD MOHR.

*Statute of limitations—Surety.*

As between a debtor and his surety it does not concern the creditor whether money paid him belongs to one or the other.

Where a debtor and his surety go to the creditor together for the express purpose of making a payment and for that alone, and both apparently coöperate in the transaction though the debtor alone handles the money, the creditor has a right to consider it a joint payment binding the surety under the statute of limitations, unless the surety notifies him that it is not so.

Exceptions to Monroe.   Submitted Oct. 10.   Decided Oct. 21.

ASSUMPSIT.   Defendant Mainzinger brings error.

*George M. Landon* for plaintiff in error.   One joint debtor cannot bind another by payment, *Thompson v. Richards*, 14 Mich., 189; *Shoemaker v. Benedict*, 1 Kern., 176; *Bell v. Morrison*, 1 Pet., 351.

*Ronan & Parker* and *J. C. Shields* for defendant in error.   It does not affect the operation of the statute of limitations whether a debtor makes a payment with his

own money or that of his surety, *Tainter v. Winter*, 53 Me., 348; acknowledgment of a debt bars the statute of limitations, *Van Keuren , v. Parmelee*, 2 Comst., 523; *Jewett v. Petit*, 4 Mich., 510.

COOLEY, J. This case presents a question of the application of certain sections of the Compiled Laws, which are given in the margin.

The suit is upon a joint and several promissory note dated August 30, 1870, whereby John L. Miller and Charles Mainzinger promised to pay Mrs. Hellena Mohr or bearer three hundred dollars with eight per centum interest in one year after date. In this note Mainzinger was surety for Miller, though the fact was not disclosed on the face of the paper.

No part of the principal of this note was ever paid, but the interest was paid by Miller from time to time up to January, 1876. The question in this case depends in part upon the evidence of Conrad Mohr as to a payment made to him in May, 1877, he then owning the note. According to his statement Miller and Mainzinger came together to his place of business, where the interest was reckoned up to that time, and Mainzinger handed to him the money to pay it; he understanding, however, that it was Miller's money. The amount paid was eight-

---

(7160.) SEC. 13. In actions founded upon contract, express or implied, no acknowledgment or promise shall be evidence of a continuing contract whereby to take a case out of the provisions of this chapter [Statute of Limitations], or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing signed by the party to be charged thereby.

(7161.) SEC. 14. If there be two or more joint contractors or joint executors or administrators of any contractor, no such joint executor or administrator shall lose the benefit of the provisions of this chapter, so as to be chargeable, by reason of any acknowledgment or promise made or signed by any other or others of them.

(7164.) SEC. 17. Nothing contained in the four preceding sections shall alter, take away, or lessen the effect of a payment of any principal or interest, made by any person; but no indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange, or other writing, by or on behalf of the party to whom such payment shall be made, or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions· of this chapter.

een dollars. Mainzinger tells a story which was altogether different. He says that in August or September, 1875 at Miller's request he went with him to Mohr's shop to witness the payment of interest by Miller on this note; that Miller asked him to go to see that it was all right, and that nine dollars was paid in his presence but that he did not take or handle the money at all. His evidence differs to this extent from the story told by Mohr.

The suit was brought more than six years after the maturity of the note, and all remedy against Mainzinger was then barred unless kept alive by the payments.

At the common law a payment made by one of the debtors would have kept the demand alive as to both, and would have been equivalent to a new promise by both. *Wyatt v. Hodson*, 8 Bing., 309. So at the common law a new promise to pay a debt barred by the statute might be inferred from a mere recognition of the existence of a just demand; and when this rule was so changed as to require an express promise in writing, it was wisely provided that one joint debtor should not have it in his power to keep alive or revive a debt against another by a payment in which the other did not participate. A payment under this statute is equivalent to a new promise; and as one cannot make the express promise for the other, neither can he make for him the indirect promise which a payment implies. *Marienthal v. Mosler*, 16 Ohio St., 566.

But in this case, as it appears to me, whether we rely upon the statement of the one party or of the other, there was a payment which Mohr had a right to understand was made by both his debtors. Both came to him together on the business of making a payment upon the note, and it was made and correctly credited not merely in the presence but with the participation of both. Let it be admitted that the money was Miller's and that he alone handed it over, and I cannot see

that this precludes the payment being a joint act. It did not concern Mohr whose money was paid to him, or from whose hands he received it; and any joint payment, though all the debtors were present, would usually be made in the same way. The creditor has not only no concern with, but no business to inquire into the transactions between his debtors which result in a payment to him, and if Mohr on this occasion had inquired, of the two whether the money belonged to both, he might properly have been refused an answer to the impertinent question. The two came and made payment, and nothing further concerned him.

In *Quimby v. Putnam,* 28 Me., 419, it was decided that a payment made by one of two joint debtors on the debt could not be considered the payment of both merely because of the other being present when the payment was made. The ruling seems to me entirely correct. This case is quite different. Not only were both present here, but both came for the express purpose of making the payment and for no other; both were co-operating in it, and the mere fact that the manual delivery of the money was made by one only was not only an unimportant circumstance in itself, but it is what would be expected in any case of a joint payment.

This case must be looked at from the standpoint of the creditor, and in the light of the appearances as they were then presented to him. His debtors came together: their sole business was the payment of interest on his demand: it was reckoned up, paid and credited in the presence and with the apparent co-operation of both. Naturally he would suppose that the money paid was the money of the one who, as between himself and his creditor, ought to pay it; but he was only concerned with the fact that what they did was by co-operative and conjoint act. He had therefore a right to understand that this was a mutual payment and that the parties thereby mutually renewed their promise of pay-

ment. If Mainzinger at the time had in his own mind any · purpose to consider and treat the transaction as being something different from what the appearances indicated, it was his duty to notify Mohr that Miller alone was making the payment, and Mohr would then have been put on his guard and would have had only himself to blame if he had lost his remedy by subsequent delay. But Mainzinger gave no warning whatever, and must not, therefore, complain that his apparent renewal of promise was relied upon.

If I am right in the view that on the statement of either party the plaintiff was entitled to recover, then there is no error in the charge of the court by which Mainzinger could have been injured, and the errors not assigned on the charge become immaterial.

I think the judgment should be affirmed with costs.

The other Justices concurred.