Meitzler *v*. Todd *et al*.

No. 1,481.

## MEITZLER *v*. TODD ET AL.

STATUTE OF LIMITATIONS.—*Promissory Note.—Partial Payment Without Knowledge of Surety.—Bar as to Surety.*—Partial payments made by the principal of a note, without the knowledge of the surety, do not operate to keep the note alive as to the surety, and the note, although kept alive as to the principal, may be barred as to the surety.

SAME.—*Payment.—Principal and Interest.*—Payment of principal and payment of interest stand on the same footing as affecting limitation of action.

From the Fountain Circuit Court.

*J. B. Martin* and *J. H. Voliva*, for appellant.

*S. M. Shepard*, for appellees.

LOTZ, J.—On the first day of April, 1882, Charles W. Todd and Clayton H. Todd executed their joint promissory note, by which they agreed to pay to the order of the appellant, one day after the date thereof, the sum of one thousand dollars. Charles W. was the principal and Clayton H. was his surety. Charles W. made payments of the interest on said note annually, the last payment being made on the first day of April, 1892. These payments were all endorsed on the note and were made without the knowledge of Clayton H. This action was instituted on the 14th day of March, 1893. Clayton H. Todd answered the ten-year statute of limitations, to which the appellant replied the payments made. The court tried the cause and made a special finding of the facts and stated conclusions of law thereon. The facts, as found, are substantially as above set out. The court rendered judgment in favor of the appellant for the balance due on the note as against the principal maker and rendered judgment in favor of the surety, Clayton H. Todd.

Meitzler *v.* Todd *et al.*

Had there been no payments made on the note it would have been barred both as to the principal and surety. Section 294, Burns Rev. 1894 (section 293, R. S. 1881), sub. 5.

Part payment of the principal and payment of interest stand on the same footing. Payment is regarded as an acknowledgment of an existing obligation and from such acknowledgment a promise to pay the debt may be implied. *Conwell* v. *Buchannan,* 7 Blackf. 537.

Each payment starts the statute afresh from its date.

The appellant contends that the payments made by the principal which operated to keep the note alive as to him operated to keep it alive as to the surety also, although the surety had no knowledge of them. It was held by Lord Mansfield in *Whitcomb* v. *Whiting,* 2 Doug. 652, that payment by one joint debtor was payment for all and that an acknowledgment by one was acknowledgment for all and would take the obligation out of the statute as to all. This rule has not been accepted in this country except in a few States. Wood Lim., section 285.

In this State it has been expressly held that a payment made by one joint debtor or joint and several debtor does not take the obligation out of the statute as to the other debtor who had no knowledge of the payment. *Bottles* v. *Miller,* 112 Ind. 584; *Yandes* v. *Lefavour,* 2 Blackf. 371. See, also, *Bell* v. *Morrison,* 1 Pet. (U. S.) * 351; *McMullen* v. *Rafferty,* 89 N. Y. 456.

Judgment affirmed.

Filed May 15, 1895.