Brudi *v.* Trentman.

BRUDI *v.* TRENTMAN.

[No. 1,799.    Filed Oct. 14, 1896.    Rehearing denied Dec. 30, 1896.]

PRACTICE.—*Harmless Error.*—It is harmless error to sustain a demurrer to a good paragraph of answer when the same defense can be made under another paragraph, although such paragraph was not filed until after the ruling on such demurrer.    *p. 514.*

VERDICT.—*Special Finding.*—*When not Ambiguous.*—In an action on a note to which defendant pleaded the statute of limitations, and that a certain payment made thereon was made in accord and satisfaction and full settlement of the note, a finding by the jury that "the defendant on December 3, 1886, paid in money to the plaintiff or his agent the sum of $400 as a payment on said note, and not otherwise," sufficiently shows that the payment was not made by way of compromise or settlement or in accord and satisfaction. *p. 515.*

SAME.—*Finding of Facts not Within the Issues.*—Facts found in a special verdict which are not within the issues and evidence bearing thereon, are irrelevant and must be disregarded.    *p. 516.*

LIMITATION OF ACTIONS.—*Part Payment of Debt.*—*Implied Promise to Pay Balance.*—The voluntary part payment of a debt, made as such, is an acknowledgment of an existing obligation, and from such acknowledgment a promise to pay the balance may be implied. *p. 517.*

SAME.—*Proof of Part Payment.*—*Revival of Action.*—*Statute Construed.*—Part payment of a debt before it is barred by the statute of limitations may be proved by parol and a new promise inferred therefrom, as the statute, section 302, Burns' R. S. 1894, requiring a written acknowledgment or new promise to revive a debt applies only where the debt is barred.    *p. 518.*

EVIDENCE.—*Admissibility of.*—*Parol Promise to Pay a Debt Barred by Statute of Limitations.*—Parol evidence of statements of defendant, at times other than when the payment on the note in suit was made, acknowledging the debt and promising to pay the same is admissible to rebut evidence of an agreement that such payment should be in full satisfaction of the debt.    *p. 518.*

From the Allen Circuit Court.    *Affirmed.*

*Robert Lowry,* for appellant.

*Walpole G. Colerick* and *William E. Colerick,* for appellee.

LOTZ, J.—On January 27, 1869, the appellant executed his promissory note payable to B. Trentman & Son, a copartnership, of which firm the appellee is the surviving partner. The note was due one day after date and was given for the sum of $629.68. This suit was instituted on July 7th, 1890, to recover a balance alleged to be due thereon. The complaint shows that several payments had been made and credited upon the note. The last payment being for $400.00 and made on the 3d day of December, 1886.

The defendant (appellant) filed seven paragraphs of answer; the first, fifth, and sixth were afterwards withdrawn, the first being the general denial. Demurrers were sustained to the third and amended fourth, and overruled as to the seventh. A reply was filed and the issues joined were tried by a jury and a special verdict returned, upon which the court rendered judgment for the appellee in the sum of $900.78.

The rulings of the trial court in sustaining the demurrers to the third and amended fourth paragraphs of answer are assigned as error in this court.

The second paragraph pleaded the twenty-year statute of limitations. The third paragraph avers in substance that the plaintiff's cause of action did not accrue within twenty years before the bringing of the action, and that as to the $400.00 payment set forth in the complaint, made on December 3d, 1886, the same was not made as a part payment; that at the time the payment was made there was nothing due on the note; that the defendant had fully paid the note seventeen years before; that when the payment was made on December 3, 1886, the note was outstanding and uncanceled, and that a balance purported to be due thereon, and that a demand was made upon him for the same; that in order to buy his peace and avoid be-

ing harassed by litigation he paid the said sum of $400.00 to the plaintiff's agent upon a conditional agreement and understanding that the same was to be in full discharge and satisfaction of any supposed or alleged liability on his part to the plaintiff; that the agent was to notify the plaintiff of such agreement, and if the same was not satisfactory to the plaintiff the defendant was to be notified of such non-concurrence; that no notice was ever given defendant that the plaintiff did not concur in the agreement, although three years had elapsed since making the same.

The amended fourth paragraph contains substantially the same averments as the third, the only difference being that in addition to buying his peace the same facts are pleaded as an accord and satisfaction.

The seventh paragraph of the answer is very long, but in substance it contains the same averments as the third and amended fourth, and the facts are pleaded as a compromise and settlement in full. No motion to separate the different defenses in this paragraph was made.

A demurrer was overruled to the last paragraph.

We do not find it necessary to determine the sufficiency of these answers. The seventh paragraph having been held good, and not having been withdrawn, all the evidence admissible under the third and amended fourth (assuming them to be good) could have been given under it.

It is harmless error to sustain a demurrer to a good paragraph of answer when the same defense can be made under another paragraph. *Kniss* v. *Holbrook*, *ante*, 229.

At the time the court ruled on the demurrers to the third paragraph and the amended fourth, the seventh paragraph had not yet been filed. Appellant's

learned counsel insist that as this paragraph had not been filed when the ruling was made the error is not harmless; that the trial court in making the ruling complained of could not have been influenced by the fact that there was another paragraph under which the same defense could be made.

It may be true that at the time the trial court made the rulings it was not influenced by the presence of the other paragraphs. But whether a ruling is hurtful or harmless must be determined by a consideration of the whole record. When the cause came to trial the appellant could have made the same proof under the seventh paragraph as he could have made had the third and amended fourth remained in.

The ruling should not be considered as standing alone, but should be considered in connection with the whole record. Oftentimes an erroneous ruling is rendered harmless by the subsequent acts of the parties. Had the appellant stood on the first rulings, a different question might have been presented. But he voluntarily chose to file another answer which was held good and under which he could have made, and no doubt did make, the same proof as he could have made under the other paragraphs. It would be a travesty on justice to hold the rulings reversible error under such circumstances.

The appellant's motion for a *venire de novo* was overruled and this ruling is one of the errors assigned.

There were several causes assigned in this motion only two of which are discussed by appellant's counsel. One is that the verdict is ambiguous and uncertain; and the other is that the findings consist of evidence only and even that not relating to any material issue in the case. The other causes are waived by a failure to discuss them.

That the appellant executed the note, and that he

made a payment of $400.00 on December 3, 1886, were conceded facts in the case and were so found by the jury.

The verdict finds "that the defendant on December 3d, 1886, paid in money to the plaintiff or his agent the sum of $400.00 as a payment on said note and not otherwise."

There is nothing ambiguous in this finding. It clearly states that the payment was on the note. If it was made as a payment on the note it could not have been paid in accord and satisfaction or by way of a compromise or settlement.

As to the other cause of the motion for a *venire,* it is proper to say that the finding did contain some irrelevant facts, but it did not consist of evidence merely. Facts not within the issues and evidence bearing thereon are irrelevant and must be disregarded. There was no error in overruling the motion for a *venire.*

The appellant's motion for a judgment on the verdict was overruled and the court rendered judgment in favor of the appellee on the verdict. These rulings are assigned as error.

The verdict finds that the note was executed by the appellant and that he made a payment of $400.00 thereon on December 3, 1886.

Bearing in mind that under the issues in this case, there being no general denial, the burden rested upon the appellant.

Proof of the execution of the note, and of the amount due thereon, *prima facie* established the plaintiff's right to recovery. To do this it was only necessary for him to produce the note. To defeat this right, the burden rested on the defendant to establish his answer of the statute of limitations, and of the special agreement pleaded in the seventh paragraph.

The voluntary part payment of a debt, made as such, is an acknowledgment of an existing obligation, and from such acknowledgment a promise to pay the balance may be implied. It is *prima facie* sufficient to revive the debt, although such *prima facie* case may be rebutted by attendant circumstances inconsistent with such revivor. *Meitzler* v. *Todd,* 12 Ind. App. 381; *Christian* v. *State, ex rel.,* 7 Ind. App. 417. But this action is on the note and not on the implied promise to pay the balance. The defense of the statute of limitations may be waived. When pleaded the pleader assumes the burden of proving it. It was incumbent on the appellant to overcome the presumption that the part payment did not operate as a revivor of the note. When the debt is revived it is revived from the beginning, not simply from the time of the payment.

In the verdict before us we have the fact found of the execution of the note, and of a payment thereon before twenty years had elapsed after its execution, and of a balance due thereon. It was incumbent on the defendant to produce the facts in the verdict to show that the $400.00 was not made as a payment thereon, or that there was an agreement that that sum was paid in full satisfaction and discharge of the note. There are no findings of this kind. The verdict, therefore, was sufficient to support a judgment in favor of the appellee, and insufficient to support a judgment for appellant.

The last error assigned is the overruling of the appellant's motion for a new trial.

Twenty different causes were assigned for a new trial. They all relate to the admission of certain items of evidence over the objections of the appellant.

The appellant admitted the $400.00 payment. The only controversy in the case related to the alleged

agreement that it was made in full satisfaction of the note.

The appellant, in his evidence, testified to the agreement as alleged in his answer, and as having been made with the appellee's clerk. The appellee, in rebuttal, was permitted to testify concerning conversations had with appellant, and of parol statements and acknowledegments and promises made concerning the claim at times other than when the payment was made. It is insisted that this was error. And the case of *Kisler* v. *Sanders*, 40 Ind. 78, is relied upon to support this contention. The case cited bearing upon this point, decides that when a debt is barred by the statute, it cannot be revived, except the acknowledgment or new promise be contained in some writing signed by the party to be charged thereby. Section 302, Burns' R. S. 1894. But, if a part payment be made before the bar has intervened, such payment may be proved by parol, and from such part payment a new promise may be inferred. In the case at bar the payment was made before the bar of the statute intervened, and parol testimony was admissible as to what was said and done and agreed upon at the time the payment was made. As to the parol evidence concerning the statements of appellant at times other than when the payment was made, this was proper to rebut the testimony of appellant that there was an agreement that the payment should be in full satisfaction. It was not an effort to prove by parol an acknowledgment or new promise after the debt was barred, for there was no such issue in the case.

Concerning the other items of evidence admitted over appellant's objection, some of them were proper as bearing upon the action and conduct of the parties. Other items were immaterial, but we find no reversible error in the admission of any of them.

We have considered the evidence, and are of the opinion that it fully sustains the verdict and clearly establishes the appellee's right of a recovery. The judgment rendered is just.

Judgment affirmed.