## MOZINGO v. ROSS ET AL.

[No. 18,656.    Filed June 17, 1898.]

LIMITATION OF ACTIONS.—*Principal and Surety.—Bills and Notes.—Partial Payment.*—The partial payment of a promissory note by the principal debtor will not suspend the statute of limitations as to the surety.  *pp. 690-693.*

SAME—*Principal and Surety.—Bills and Notes.—Absence of Principal from State.*—The absence of the principal debtor of a promissory note from the State will not suspend the statute of limitations as to the surety.  *pp. 690-693.*

From the Hamilton Circuit Court.    *Affirmed.*

*James M. Fippen* and *James M. Purvis*, for appellant.

*Fertig & Alexander*, for appellees.

JORDAN, J.—This action was commenced by appellant on March 2, 1897, to recover a judgment on a promissory note, and also to set aside an alleged fraudulent conveyance of land by the appellee, Moses M. Ross, to his co-appellee, Martha Price, and to subject the lands so conveyed to the payment of the judgment sought to be recovered upon the note.

The note in suit appears to have been executed on December 20, 1882, by one Francis M. Ross, together with the appellee, Moses M. Ross, to appellant, for the sum of $150.00, due in twelve months after the date thereof.    The following partial payments seem to have been made on the note, and indorsed thereon, as shown by a copy filed as an exhibit with the complaint, to wit:    September 26, 1883, $12.00; January 6, 1887, $20.00, as interest; December 24, 1887, $15.00; November 27, 1889, $57.57; December 13, 1889, $20.00.

Among other defenses interposed by the appellee, Moses M. Ross, under his separate answer, against a recovery upon the note, was the statute of limitations of ten years.    Appellant replied to this answer in

three paragraphs, but subsequently dismissed the first and second. The third paragraph of the reply, in avoidance of the defense of the statute of limitations set up by the appellee, Moses M. Ross, averred that said Ross had executed the note in suit as the surety for one Francis M. Ross, and alleged the truth to be that said Francis M., the principal, had made the various partial payments on the note, as set out in the exhibit filed with the complaint, and that long before ten years had elapsed after the execution of the note, to wit: Within six years after its execution, said principal, Francis M., with the knowledge and consent of the defendant, Moses M. Ross, his surety, but without the knowledge or consent of the plaintiff, removed from the State of Indiana, and became a nonresident of said State, and has so remained and continued to be a nonresident up to the present time, and by reason of his being such nonresident, it is alleged that the plaintiff could not proceed against him, as the principal, for a judgment on the note. A demurrer was sustained to this paragraph, and, appellant refusing to plead further, judgment was rendered that she take nothing by her action, and that the defendants recover of her their cost.

The sustaining of the demurrer to the third paragraph of reply is the only error assigned. Appellant insists that the facts alleged in the reply were sufficient to avoid the defense of the statute of limitations set up in the answer. The questions presented for decision are, first, will a partial payment by a principal debtor suspend the running of the statute of limitations in favor of his surety? Second, will the absence of the principal debtor from the State suspend the statute in favor of such surety?

Passing the consideration of the infirmities that are

urged against the pleading in controversy, to the effect that it pleads evidence instead of facts, and that it is deficient in not setting out the partial payments made, instead of referring to them only, as shown by the exhibit filed with the complaint, we proceed to determine the real questions discussed by the counsel of both parties to this appeal.

Section 302, Burns' R. S. 1894 (301, R. S. 1881), relative to the statute of limitation, provides: "No acknowledgment or promise shall be evidence of a new or continuing contract, whereby to take the case out of the operation of the provisions of this act, unless the same be contained in some writing signed by the party to be charged thereby." Section 303, Burns' R. S. 1894 (302, R. S. 1881), provides: "The acknowledgment or promise of one joint contractor or executor or administrator, shall not render any other joint contractor, executor, or administrator liable under the provisions of this act." The next section, 304, declares that "Nothing contained in the preceding sections shall take away or lessen the effect of any payment made by any person," etc. · It is the settled rule that an admission of continued indebtedness may be inferred from the fact of part payment by a debtor. Such inference, however, is not one of law, but of fact. The payment is only *prima facie* evidence of the acknowledgment or admission of the debtor, and is subject to be rebutted by other evidence and the circumstances under which it was made. *Carlisle* v. *Morris*, 8 Ind. 421; *Willey* v. *State, ex rel.,* 105 Ind. 453.

The statute, as we have seen, declares that no acknowledgment or promise shall be evidence of a continuing contract to take the case out of the operation of the statute unless it be in writing signed by the party to be charged thereby. It is further provided that the promise or acknowledgment of a joint con-

tractor shall not have the effect to render any other joint contractor liable. It is expressly declared, however, that these provisions of the law shall not take away or lessen the effect of any payment made by any person, consequently they leave the effect of a partial payment untouched. The rule applicable to a payment, in taking a case out of the provisions of the statute of limitations, or rather, extending the time during which the action may be commenced, does not depend on any provisions of the statute of limitations, but is the result of judicial decisions, and the reason of the rule depends wholly upon such decisions. The reason upon which the rule is said to rest, is that a partial payment, voluntarily made by a debtor, upon a claim or debt, is in the nature of an acknowledgment or admission by him of his liability for the whole demand, and, from the fact that he made the payment, a new promise on his part to pay the remainder of the debt may be implied, and, under this legal inference, such new promise arises at the time the partial payment is made. The origin of the rule is fully considered and set forth in *Van Keuran* v. *Parmelee*, 2 N. Y. 523. It must be evident, we think, that, to bring the case within the reason of the rule, the payment should be made by the party to be charged with its effect, or by his agent duly authorized so to charge him. A partial payment, being treated by the law as nothing more than *prima facie* evidence of an admission or acknowledgment that the debt is due, it would seem, in reason, that it could and should only affect the party that makes it, unless he has authority to speak for others as well as himself. This doctrine finds support in the well affirmed rule that the acknowledgment of a debt made by one partner after the dissolution of a partnership, is not sufficient to take the case out of the operation of the statute of

limitations as to the other partners. *Yandes* v. *Le-favour*, 2 Blackf. 371; *Kirk* v. *Hiatt*, 2 Ind. 322.

In the case of *Bottles* v. *Miller*, 112 Ind. 584, it is held that a payment upon a promissory note by one joint and several maker will not defeat the operation of the statute of limitations as to any other maker, nor deprive the latter of his right to avail himself of the statute as a defense. While the question in that case does not appear to have been very fully considered, the decision thereof seemingly being controlled by the construction which the learned judge, speaking for the court, placed upon the statute of limitations, we are, however, satisfied, in view of the authorities, that the conclusion reached by the court upon the question in that appeal was correct.

The statute, as heretofore said, in effect declaring that the acknowledgment or promise of one joint contractor will not take the case out of its operation as to any other joint contractor, no sufficient reason can be given, nor would any seem to exist, that would make a partial payment more potent in its effect than an express acknowledgment or promise by a debtor. Especially ought this to be true, in view of the fact that such payment is treated by the law as evidence only of a new promise to pay the remainder of the debt. We are of the opinion, and so hold, that the correct and better rule is that a partial payment can serve only to suspend the running of the statute of limitations as against the party making the payment, by himself or duly authorized agent, and the fact that the one making the payment is the principal debtor does not alter nor change the rule as to other debtors who executed the note or obligation as his sureties.

We are aware that there are decisions of the higher courts of sister states which hold that the payment by one or more parties jointly and severally liable

upon a note or other obligation, made before the limitation attaches, will suspend the running of the statute in favor of the others, but the great trend of the decisions of courts of other states sustain the conclusion we have reached, among which are the following: *Van Keuran* v. *Parmelee, supra*; *Shoemaker* v. *Benedict*, 11 N. Y. 176; *Winchell* v. *Hicks*, 18 N. Y. 558; *McLaren* v. *McMartin*, 36 N. Y. 88; *Harper* v. *Fairley*, 53 N. Y. 442; *Graham* v. *Selover*, 59 Barb. 313; *Succession of Voorheis*, 21 La. Ann. 659; *Hunter* v. *Robertson*, 30 Ga. 479; *Smith* v. *Coon*, 22 La. Ann. 445; *Marienthal* v. *Mosler*, 16 Ohio St. 566; *Hance* v. *Hair*, 25 Ohio St. 349; *Steele* v. *Souder*, 20 Kans. 39; *Davis* v. *Clark*, 58 Kans. 454.

The absence from the State of the principal debtor in this case did not suspend the running of the statute in favor of the appellee, his surety. *Bottles* v. *Miller, supra; Davis* v. *Clark, supra;* 2 Wood on Limitations, section 246.

It follows that the court did not err in sustaining the demurrer to the reply, and the judgment is therefore affirmed.