## NICHOLAS v. PORTER ET AL.

[No. 22,530.   Filed January 14, 1914.   Rehearing denied
March 12, 1914.]

1. LIMITATION OF ACTIONS.—*Payments on Note.—Effect.*—Payments made upon a note, either of interest or principal before the note is barred by the statute of limitations, toll the statute as to the party making the payment, and each payment starts the statute afresh from date of such payment.   p. 333.

2. LIMITATION OF ACTIONS.— *Payments on Note.— Effect.*— A payment of a part of the principal or the interest on a note when due, by the principal maker of the note, without the knowledge or consent of the surety, will not toll the statute as to the surety. p. 333.

3. LIMITATION OF ACTIONS.—*Payments on Note.—Consent of Surety. —Effect.*—A payment of interest on a note, made by the principal with the knowledge and consent of the surety, will toll the statute of limitations as to the surety.   p. 334.

From Martin Circuit Court; *James W. Ogdon,* Judge.

Action by Kizzie Nicholas against Wesley J. Porter and others.   From a judgment for defendants, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)   *Reversed.*

*Flavian A. Seals* and *Madison Walsh,* for appellant.
*Frank E. Gilkison* and *James B. Marshall,* for appellees.

ERWIN, J.—This was an action by complaint in one paragraph, begun in the Martin Circuit Court on January 23, 1911, by appellant against appellees on a promissory note dated September 20, 1898.   To the complaint the appellees, Abraham W. Porter and Elizabeth Sharum filed separate answers admitting the execution of the note as surety, but say that they are released from payment on account of the fact that the action is barred by the ten-year statute of limitation.   To this answer of limitation, the appellant replied in general denial, and by a second paragraph of reply alleges that the principal maker of the note had paid the interest from year to year, up to and including the year

1907, which payments of interest were made with the knowledge and consent of all the defendants. To this second paragraph of reply, the court sustained the separate demurrer of each of the appellees, Abraham W. Porter and Elizabeth Sharum, which rulings are assigned as error in this court, with the additional assignment of error that the court erred in overruling appellant's motion for a new trial.

The question involved in this cause is upon the rulings of the court on the demurrers to the second paragraph of reply, and tersely stated is, Does the payment of interest by the principal with the knowledge and consent of the surety toll the statute of limitations as to the surety? It has been decided many times· by this court and the

1. Appellate Court, that payments made upon a note, either of interest or principal before the note is barred by the statute, toll the statute as to the party making the payment, and that each payment starts the statute afresh from the date of its payment. *Meitzler* v. *Todd* (1894), 12 Ind. App. 381, 39 N. E. 1046, 54 Am. St. 531, and cases cited; *Brudi* v. *Trentman* (1896), 16 Ind. App. 512, 518, 44 N. E. 932, and cases cited. It has also been settled by the decisions of the courts of this State, as well as

2. the courts of many other states, that a payment of the part of the principal or the interest when due, by the principal maker of the note, without the knowledge or consent of the surety, will not toll the statute as to the surety. *Mozingo* v. *Ross* (1898), 150 Ind. 688, 50 N. E. 867, 41 L. R. A. 612, 65 Am. St. 387; *Meitzler* v. *Todd, supra; Koontz* v. *Hammond* (1898), 21 Ind. App. 76, 51 N. E. 506. It is contended that the decisions last cited are conclusive of the proposition that in no case, either *with* or *without* the *consent* of the surety can the principal maker of a note toll the statute by a payment of principal or interest. In each of these cases the question presented was whether the principal could toll the statute by making payments without the *knowledge* and *consent* of the surety.

The question in this case presents a question that has never been decided by the Supreme or Appellate Court of this State, viz., Will the payment by the principal with the *knowledge* and *consent* of the surety toll the statute as to all having knowledge of the same and *consenting* thereto? There being no question, under the authorities above cited, that the payment of whole or part of the obligation will toll the statute as to those making the payment, then, What of those who know of the payment and consent to it being done? The supreme court of the state of Michigan has held that where the surety is present and participates in making the payment which is actually made by the principal, and with the latter's money, the statute is suspended as to the surety, in the absence of notice to the creditor that it is not a joint payment. 25 Cyc. 1392; *Mainzinger* v. *Mohr* (1879), 41 Mich. 685, 3 N. W. 183. To the same effect is the decision in the case of *Whipple* v. *Stephens* (1850), 22 N. H. 219; and *Glick* v. *Christ* (1881), 37 Ohio St. 388. The supreme court of Vermont has held that where the surety procures payment to be made out of the funds of the principal, the statute will toll as to the surety; however the effect of the payment on the surety's rights is dependent on his intent. *Green* v. *Morris* (1886), 58 Vt. 35, 4 Atl. 561; *McConnell* v. *Merrill* (1880), 53 Vt. 149, 38 Am. Rep. 663. It is alleged in the second paragraph of reply that the payments were made by the principal with the *knowledge* and *consent* of all the appellees. It cannot be said that the consent of the surety to such payments as would toll the statute, was for the purpose of extending the payment of the note beyond the statute, for the purpose of releasing him from liability, because we must conclude that all men act with a motive, and in good faith in all their transactions. Consent implies more than the mere knowledge that a thing is being done without objection. *Cocke* v. *Gooch* (1871), 61 Tenn. (5 Heisk.) 294, 310. One cannot properly be said to have con-

sented to an act which he could neither authorize nor prevent. *Geddes* v. *Bowden* (1882), 19 S. C. 1, 3; *Ottiswell* v. *Muxlow* (1889), 24 N. Y. St. 38, 6 N. Y. Supp. 518; *Mosher* v. *Lewis* (1894), 64 N. Y. St. 117, 10 Misc. 373, 31 N. Y. Supp. 433. In cases like the one under consideration, if the surety knowing that the payment of interest or a part of the principal would create a new term of limitation under the statute as to his principal, consents that a payment be made, then it seems that he should be bound to the same extent as the party making the payment, for it would in effect, be a payment as to all who had knowledge and consented to its being made. We are of the opinion that the court erred in sustaining the demurrers of each of appellees to the second paragraph of appellant's reply.

Judgment is reversed with instructions to the court to grant a new trial and to overrule the demurrers of each of the appellees to the second paragraph of appellant's reply.

Note.—Reported in 103 N. E. 842. As to the effect of the bar of the statute of limitations see 95 Am. St. 656. As to part payment by a joint debtor as suspending the operation of the statute of limitations as to joint obligors not authorizing or ratifying such act, see Ann. Cas. 1912 D 1328.