Irving M. LESCH & Ira Haupt, Udo M. Reinach, Anthony Reinach, Samuel E. Worms, Bertrand M. Goldsmith, Martin Scherk & Townsend E. Allen, doing business in the name of Ira Haupt & Company, Plaintiffs-Appellants,

v.

CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY, Defendant-Appellee.

No. 11340.

United States Court of Appeals Seventh Circuit.

Oct. 21, 1955.

Irving M. Lesch, Brooklyn, N. Y., Benjamin G. Cox, Gambill, Dudley, Cox, Phillips & Gambill, Terre Haute, Ind., for appellants.

William P. Evans, Indianapolis, Ind., John T. Hays, Sullivan, Ind., David O. Mathews, Chicago, Ill., Frank F. Vesper, Washington, D. C., William M. Evans,

Hays & Hays, Indianapolis, Ind., for appellee.

Before MAJOR and FINNEGAN, Circuit Judges, and PLATT, District Judge.

MAJOR, Circuit Judge.

This action, predicated upon Section 4a of Chapter 101, Indiana Acts of 1933, as added by Chapter 65 of the Acts of 1939, Burns' Ind.Stat.Ann.1951 Replacement, § 55–223a, hereinafter called the appraisal statute, was filed July 11, 1952, in the Circuit Court of Sullivan County, Indiana, and removed on motion of defendant to the United States District Court for the Southern District of Indiana. The complaint alleged that the plaintiff Lesch was the beneficial, and Ira Haupt & Company the registered, owner of 1,000 shares of Class A preferred stock of the defendant corporation. (All individuals named in the caption other than Lesch are partners doing business in the name of Ira Haupt & Company.) The complaint further alleged that at an annual meeting of the stockholders of the defendant corporation, held on May 9, 1952, a proposal to amend the certificate of incorporation was adopted "to authorize and empower the Board of Directors to pay, discharge and satisfy $2.00 of the dividends accrued on the Class A stock as of January 1, 1952, by declaring a dividend of $2.00, payable by the issuance of common stock of the Company"; that plaintiffs voted against the amendment and within thirty days after its adoption objected in writing and demanded payment of the fair value of plaintiffs' shares for the reason "that the amendment is of such nature that its adoption without his consent and without giving him a remedy would unconstitutionally deprive him of his rights," and that the parties did not agree on the value of plaintiffs' shares of Class A stock within thirty days after the effective date of the amendment and within ninety days thereafter this suit was commenced.

The relief sought was the appointment by the court of an appraiser to determine the value of said shares of Class A stock and payment of the value as so determined. There was attached to the complaint Exhibit A, which was a notice, issued April 8, 1952, by defendant to its stockholders, calling for a meeting on May 9, 1952, at which the amendment under attack was adopted. There was also attached to the complaint Exhibit B, copy of a notice of written objection and demand signed by Ira Haupt & Company, dated May 15, 1952, which was served upon the defendant.

Defendant raised no factual issue either in its answer or subsequently, but disputed the legal consequences which Lesch claimed resulted therefrom. Both sides moved for a summary judgment, with affidavits in support thereof. Defendant's motion was filed May 4, 1954, and plaintiffs' motion, June 18 of the same year. The court, on October 7, 1954, denied plaintiffs' motion and at the same time sustained defendant's motion, and entered judgment accordingly. From this judgment the appeal comes to this court.

It is evident from the fact that both parties moved for a summary judgment in connection with the concessions made in this court that no material issue of fact is in dispute and that the case may be properly disposed of by summary judgment. The question, therefore, is whether the court erred in entering such a judgment for the defendant rather than for the plaintiffs.

We discern no plausible escape from setting forth the lengthy statutory provision upon which plaintiffs rely, but prior to doing so some further statement of facts perhaps should be made. As already noted, Lesch was the beneficial owner of 1,000 shares of defendant's Class A preferred stock of which Ira Haupt & Company was the registered owner and holder of the certificates therefor. This stock had never been registered in the name of Lesch. It represented an infinitesimal part of defendant's outstanding stock which consisted of 383,267.25 shares of Class A preferred

stock and 367,560.40 shares of common stock. While Ira Haupt & Company, a brokerage firm (as well as the individual partners thereof), was named in the caption of the complaint as parties-plaintiffs, the fact is that the complaint was filed by Lesch, without the consent, approval or even the knowledge of Ira Haupt & Company or any of its partners. Mr. Worms (a partner of Ira Haupt & Company) testified on March 25, 1953 that Lesch had not been authorized by Ira Haupt & Company or by any of its partners to commence the action or to name it as a party-plaintiff. He also testified that knowledge that Ira Haupt & Company had been made a party-plaintiff was first acquired on the date of his testimony (March 25, 1953). There was, however, filed with plaintiffs' motion for summary judgment an affidavit executed by two of the partners of Ira Haupt & Company in which it was stated, "Plaintiff Lesch never requested Ira Haupt & Company to join as plaintiffs in his action against the defendant Railroad," but that since March 25, 1953, Ira Haupt & Company had ratified the action of Lesch in joining it as a party-plaintiff, which ratification was stated to be in consideration of Lesch having indemnified it for all costs and expenses in connection with the action.

One of the serious questions arising from the situation as related is whether Lesch as the beneficial owner of the stock was entitled to the benefit of the appraisal statute. A closely related question is whether the ratification by Ira Haupt & Company subsequent to March 25, 1953 should be given a retroactive effect and thereby the status of a proper party from the time the action was commenced. If not, is Ira Haupt & Company barred from maintaining the action by reason of the limitation period provided by the appraisal statute?

Section 55–223a provides as follows:

"If any shareholder of any such corporation who did not vote in favor of such amendment at the meeting at which the amendment was adopted by the shareholders of such corporation, shall, at any time within thirty (30) days after such adoption of the amendment by such shareholders, object thereto in writing and demand payment of the value of his shares, the corporation shall, in the event that the amendment shall be made effective, and in the event that the amendment is of such a nature that its adoption without his consent and without giving him a remedy would unconstitutionally deprive him of rights, pay to such shareholder, upon surrender of his certificates therefor, the value of such shares at the effective date of the amendment, which shall be the date the certificate required in section 4 [§ 55–223] shall be filed in the office of the secretary of state. If within thirty (30) days after such effective date the value of such shares is agreed upon between the shareholder and the corporation, as the case may be, payment therefor shall be made within ninety (90) days after the effective date. If, within thirty (30) days after such effective date, the corporation and the shareholder do not so agree, either such corporation or the shareholder may, within ninety (90) days after such effective date, petition the circuit or superior court of the county in which the principal office of the corporation is located, to appraise the value of such shares; and payment of the appraised value thereof shall be made within sixty (60) days after the entry of the judgment or order finding such appraised value. * * *

"Upon the effective date of the amendment any shareholder who has made such objection and demand shall cease to be a shareholder and shall have no rights with respect to such shares except the right to receive payment therefor. Every shareholder who did not vote in favor of such amendment and who does not object in writing and demand payment of the value of his

shares at the time and in the manner aforesaid, shall be conclusively presumed to have assented to such amendment, if he do not within six (6) months thereafter; in a court of competent jurisdiction, question such action. * * * "

In summary, this provision is applicable only to a shareholder who did not vote in favor of the amendment and who within thirty days after its adoption objects thereto in writing and demands payment of the value of his shares. The right to receive payment, however, arises only "in the event that the amendment is of such a nature that its adoption without his consent and without giving him a remedy would unconstitutionally deprive him of rights," and then only "upon surrender of his certificates." When these contingencies are met, a thirty-day period is provided for agreement as to the value of the shares, with payment to be made in ninety days, and in case no agreement is reached within the thirty-day period the shareholder has ninety days within which to petition the appropriate court for an appraisal of the value of his shares.

Any shareholder who did not vote in favor of the amendment and who did not object in writing and demand payment of the value of his shares, as previously provided, is conclusively presumed to have assented thereto unless such action is questioned in a court of competent jurisdiction within six months from the effective date of the amendment.

■ While the instant action was commenced within ninety days after the effective date of the amendment (May 9, 1952, when it was filed in the office of the Secretary of State), in the names of both Lesch and Ira Haupt & Company as plaintiffs, the latter, as shown, was named as plaintiff by Lesch without authority and without knowledge on its part. In fact, Ira Haupt & Company repudiated the use of its name as a party-plaintiff. The question, therefore, is whether Lesch as the beneficial owner of the stock was entitled to institute and maintain this action. While this question, so far as we are aware, has not been passed upon by an Indiana court, we are of the view that an analysis of the appraisal statute in connection with the law generally as to who constitutes a shareholder of a corporation requires a negative answer.

There can be no doubt but that only a registered shareholder is entitled to participate in the affairs of the corporation. Both defendant's certificate of incorporation and by-laws so provide. For instance, the latter provides, "Each stockholder, without distinction as to class, shall be entitled to one vote in person or by proxy for each share of stock standing in his name on the books of the Company * * *." Section 25–703, Burns' Ind.Stat. of 1948, provides that nothing shall be construed as forbidding a corporation to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner. A study of the appraisal statute leads to the definite conclusion that the word "shareholder" was employed in its ordinary and usual sense, and included only the registered owner of stock. While the complaint alleged that plaintiffs voted against adoption of the amendment, it is now conceded that the stock in question was not voted either for or against its adoption. That Lesch as the beneficial owner was without right to participate in a stockholders' meeting and vote upon the amendment is conceded. However, it is argued that this is not essential because, after all, he did not vote in favor of the amendment. The same argument, of course, could be made in favor of any stranger to the corporation.

A shareholder "who did not vote in favor of such amendment" clearly contemplates one who had a right to vote but did not do so. The statute refers to the adoption of the amendment "without his consent", which could only mean the registered owner because a beneficial owner would have no right either to consent to or oppose an amendment so as to be binding upon the corporation. More-

over, the shareholder who objects to the amendment within thirty days after its adoption, upon the grounds stated in the statute, is entitled to payment only "upon surrender of his certificates". The certificates, however, are in the possession and control of the registered owner and obviously could not be surrendered by a beneficial owner.

Lesch's argument that the surrender of the certificate requirement was intended to apply only after the entry of an appraisal judgment is, we think, without merit. The statute appears to contemplate that the corporation and the shareholder shall upon an appropriate objection by the latter attempt to agree upon the value of the shares and, if an agreement is reached, the corporation shall pay to the shareholder such value "upon surrender of his certificates". There would be no reason, however, for the corporation attempting to reach an agreement with a person who was not in a position to make the required surrender of the stock certificate. An agreement under such circumstances would be an idle and useless formality. It is only after a failure to reach such an agreement that the statute authorizes a suit for appraisal of the stock. Even on plaintiffs' theory, a judgment of appraisal in favor of a party, such as Lesch, who was not in a position to make such surrender would be of no effect. In fact, we think the complaint filed by Lesch was fatally defective for failure to allege either that he or any person on his behalf had offered to surrender the certificates of stock or that he was prepared to do so.

It is, therefore, our conclusion and we so hold that only a registered shareholder is entitled to rely upon the appraisal statute. It follows that Lesch as the beneficial owner was not a party entitled to commence or maintain the action. Even so, however, some confusion is engendered because of the position occupied by Ira Haupt & Company, the registered owner of the shares. As shown, that company and its partners were named by Lesch as parties-plaintiffs without their consent or knowledge, and it was not until March 25, 1953 that they were informed of Lesch's action in this respect. It is argued by Lesch, however, that the so-called ratification on June 18, 1954 was retroactive to the date of the commencement of the action, in other words, that Ira Haupt & Company should be treated as though it had been a party to the suit from the beginning. With this contention we do not agree. It is true, of course, that Ira Haupt & Company at the request of Lesch, on May 17, 1952, as the registered holder of the stock, filed with the defendant a written objection to the amendment in controversy and demanded payment of the value of the shares upon surrender of the certificates therefor. It not only failed, however, to institute an action under the appraisal statute but expressly disclaimed any authority or right on the part of Lesch to do so on its behalf.

As noted, the controversial amendment became effective May 9, 1952, when it was filed with the Secretary of State, and a written objection to the amendment and a demand for payment of the stock in controversy, signed by Ira Haupt & Company, was filed with the defendant by Lesch. Upon failure of agreement as to the value of the stock, the statute provides that the shareholder may within ninety days after the effective date of the amendment institute a court action. Within that time the complaint was filed by Lesch but without the authority and consent of Ira Haupt & Company. The situation insofar as it related to parties-plaintiffs was not altered prior to the expiration of the ninety-day period; in fact, the situation remained in status quo until June 18, 1954, when Lesch made his motion for summary judgment. (This was after a similar motion had been made by defendant.) This motion was not joined in by Ira Haupt & Company but was made by Lesch in his individual capacity. There was filed, however, in support of Lesch's motion an affidavit by certain of the partners of Ira Haupt & Company. In

this affidavit it is stated among other things that "Plaintiff Lesch never requested Ira Haupt & Company to join as plaintiffs in his action against the defendant Railroad." The affidavit also stated, "In consideration of plaintiff Lesch, having indemnified Ira Haupt & Company from all costs and expenses as may be involved for having been joined as a coplaintiff in the above captioned action, Ira Haupt & Company * * * has ratified the joining of Ira Haupt & Company and the partners thereof as coplaintiffs in the above captioned action and have authorized the attorneys for plaintiff Lesch, to appear in said action in their behalf * * *." .

Thus, this attempted ratification by Ira Haupt & Company, made on June 18, 1954, was more than two years after the effective date of the amendment (May 9, 1952) and approximately a year and ten months after the expiration of the time for the commencement of an action. The statute provides, "Every shareholder * * * shall be conclusively presumed to have assented to such amendment, if he do not within six (6) months thereafter, in a court of competent jurisdiction, question such action." It cannot be open to question but that Ira Haupt & Company, on June 18, 1954 and long previously thereto, was barred from bringing a court action and was conclusively presumed to have assented to the amendment.

Lesch attempts to escape the devastating effect which flows from this situation by reiterating his argument that after all he was the real party in interest and Ira Haupt & Company was not a necessary party to the action. Cases are cited wherein the courts have permitted the bringing of an action in the name of the beneficial or equitable owner as the real party in interest. Such cases, however, are not in point because, as we have previously noted, the statute confers a right of action on the registered and not the beneficial owner of the stock. Also as previously noted, a surrender of the certificates was a prerequisite to the right to institute an action, which Lesch

made no offer to do and insofar as this record discloses could not have done.

Furthermore, Lesch in order to escape the six months' limitation period which had run against Ira Haupt & Company argues that the latter's ratification on June 18, 1954 of Lesch's unauthorized act in naming it a party-plaintiff should be treated and considered as having been made at the time of the commencement of the action. No case is cited and we know of none which supports this argument. Defendant calls our attention to Mozingo v. Ross, 150 Ind. 688, 692, 50 N. E. 867, 41 L.R.A. 612; Meitzler v. Todd, 12 Ind.App. 381, 382, 39 N.E. 1046, and other cases which it is claimed by analogy refute the contention. In the two Indiana cases it was held that payment by one of two joint debtors did not constitute a waiver by the other of the statute of limitations without his consent. The reasoning appears to be that the defense of the statute of limitations constituted a vested right which could not be impaired without the consent of the person in whose favor it existed.

It is obvious that defendant could have successfully invoked the limitation defense against any action which might have been commenced by Ira Haupt & Company on the date which it ratified the previous unauthorized act of Lesch. In fact, Ira Haupt & Company at that time was "conclusively presumed to have assented to such amendment." In our view, nothing was done or could have been done at that late date by Ira Haupt & Company without defendant's consent which would have altered either its rights or those of the defendant as fixed by the statute. The statutory period in which Ira Haupt & Company could have brought an action had long before expired. Conversely, defendant's right to rely on the limitation defense as a bar to an action by Ira Haupt & Company had become vested.

In conclusion, we hold that Lesch was not entitled under the appraisal statute to the relief sought and that Ira Haupt & Company was barred from maintain-

ing the action by reason of the limitation period therein provided. We find it unnecessary to discuss other issues which have been argued before this court.

The judgment is

Affirmed.